

# FEDERAL PUBLIC DEFENDER
## NORTHERN DISTRICT OF TEXAS

RICHARD ANDERSON
Federal Public Defender

525 GRIFFIN STREET
SUITE 629
DALLAS, TX 75202

JASON D. HAWKINS
First Assistant

PHONE 214-767-2746
FAX 214-767-2886

March 19, 2010

The Honorable Barbara Lynn
United States Courthouse
1100 Commerce St, Rm 1572
Dallas, TX 75242

RE: United States v. Hosam Maher Husein Smadi
Cause No. 3:09-CR-294 M

Dear Judge Lynn:

Please accept this letter as a status report concerning your previous order allowing the defense to take depositions of defense witnesses for preservation of testimony pursuant to Rule 15, Federal Rules of Criminal Procedure, at the U.S. Embassy in Amman, Jordan. All parties thought it was appropriate to advise you of the current status in attempting to obtain those depositions and the issues that have arisen.

Jordan is not treaty-bound to honor any requests for the taking of depositions of their citizens for testimony in the United States District Court. Accordingly, country approval from Jordan is required as the initial step. Peter Fleury, with the input of Dayle Elieson and Jerri Sims, has established contact with members of the Department of Justice International Division and the Department of State, who have assisted him in preparing a proper request to Jordanian officials for the taking of depositions. That request has been translated into Arabic and has been forwarded via email to the State Department in Washington D.C. who will in turn forward the request to the American Embassy. The Embassy in Jordan will present the request to the proper authorities in Jordan. There can not be a certainty of taking the depositions until we receive the answer from the Jordanian government.

Officials with the United States Embassy in Amman, Jordan have been helpful in providing a place for the depositions to be taken, should the Jordanian government acquiesce and allow the depositions. There are substantial fees for the monitoring of the room and the administering of the oaths that are likely to be waived should this Court find that currently Mr. Smadi is indigent and is unable to afford the fees for these services. A request for such order will



be presented to you if the Jordanian officials approve the depositions.

There does not appear to be a plethora (in fact, zero) of certified court reporters in Jordan to take the deposition testimony. There does appear to be an alternative available under Rule 28, Federal Rules of Civil Procedure, that will allow a video/audio recording of the deposition to be later transcribed by a court reporter in the United States. The defense team is aware that there will be a risk that some of the testimony may be lost if it is not clearly recorded, but this appears to be an option approved by the rules and may be the only option available to us.

The defense team has located a number of translators from Arabic to English and English to Arabic in lists provided by the United States Embassy in Jordan, and will contract with an interpreter once there is a certainty of the deposition testimony.

The defense team has applied for visas to go to Jordan and are likely to receive them by Monday, March 22nd.

Due to the complexity of arranging for the deposition testimony, it may be necessary to ask this Court for an extension of time to take the depositions beyond the current April 9th date. If we receive permission from the Jordanian government to proceed with the depositions, we will submit an order for this Court's signature extending the time for taking depositions.

Both sides continue trial preparation with an eye toward the June 7, 2010 trial date. Both sides will be available next week in the event that this Court desires a status conference concerning the issues raised in the letter.

Sincerely,

*RAAnderson*

Richard A. Anderson

cc: Peter Fleury
Dayle Elieson
Jerri Sims

RAA/mlm