IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:09-CR-294-M |
| | § | |
| HOSAM MAHER HUSEIN SMADI | § | |

## PLEA AGREEMENT

Hosam Maher Husein Smadi, Peter Fleury, the defendant's attorney, and the United States of America (the government), agree as follows:

1.   **Rights of the defendant**:   Smadi understands that he has the rights

    a.    to plead not guilty;

    b.    to have a trial by jury;

    c.    to have his guilt proven beyond a reasonable doubt;

    d.    to confront and cross-examine witnesses and to call witnesses in his defense; and

    e.    against compelled self-incrimination.

2.   **Waiver of rights and plea of guilty**:   Smadi waives these rights and pleads guilty to the offense alleged in Count One of the indictment, charging a violation of 18 U.S.C. § 2332a(a)(2)(A), (B), and (D), that is attempted use of a weapon of mass destruction.  Smadi understands the nature and elements of the crime to which he is pleading guilty, and he agrees that the factual resume he has signed is true and will be submitted as evidence.

Plea Agreement - Page 1 of 7

3.    **Sentence**:  For a violation of 18 U.S.C. § 2332a(a)(2)(A), (B), and (D), the statutory maximum penalties the Court can impose include:

    a.    imprisonment for life;

    b.    a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c.    a term of supervised release of not more than five years, which may be mandatory under the law and will follow any term of imprisonment.  If Smadi violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100;

    e.    restitution to victims or to the community, which may be mandatory under the law, and which Smadi agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    f.    costs of incarceration and supervision.

4.    **Sentencing agreement**:  Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties agree that the appropriate disposition of this case is a sentence of not more than 360 months.  If the Court accepts this plea agreement, this provision is binding on the Court.  Other than a sentence above the agreed maximum sentence of 360 months, the Court remains free to determine the appropriate sentence under the advisory United States Sentencing Guidelines.  Pursuant to Rule 11(c)(5), if the Court rejects this plea agreement, the Court shall afford Smadi the opportunity to withdraw his plea and advise the defendant that, if he persists in his guilty plea, the Court is not bound by the plea agreement and the disposition of the case may be less favorable than that contemplated by the plea agreement.

5.    **Court's sentencing discretion and role of the Guidelines**:   Smadi understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines.  The guidelines are not binding on the Court, but are advisory only.  Smadi has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case.  Smadi will not be allowed to withdraw his plea if his sentence is higher than expected.  Smadi fully understands that the actual sentence imposed (so long as it is at or below agreed upon maximum as outlined in paragraph 4) is solely in the discretion of the Court.

6.    **Mandatory special assessment**:   Smadi agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

7.    **Defendant's agreement**:   Smadi shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Smadi shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

8.    **Immigration consequences:**   Smadi recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense to which Smadi is pleading guilty.  (Because Smadi is pleading guilty to attempted use of a weapon of mass destruction, removal is presumptively mandatory.)  Removal and other immigration consequences are the subject of a separate

Plea Agreement - Page 3 of 7

proceeding, however, and Smadi understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Smadi nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea of guilty may entail, even if the consequence is his automatic removal from the United States.

9.      **Government's agreement**:  The government will not bring any additional charges against Smadi based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Smadi or any property.

10.     **Violation of agreement**:  Smadi understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Smadi for all offenses of which it has knowledge. In such event, Smadi waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Smadi also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

11.     **Voluntary plea**:  This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea

Plea Agreement - Page 4 of 7

agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12.     **Waiver of right to appeal or otherwise challenge sentence**:   Smadi waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence.  He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.  Smadi, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the agreed upon maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

13.     **Representation of counsel**:   Smadi has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.  Smadi has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Smadi has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

14.   **Entirety of agreement**:   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 20 day of _____ MAY _____, 2010.


JAMES T. JACKS
UNITED STATES ATTORNEY


_ho Sam Smadi_
_____
HOSAM MAHER HUSEIN SMADI
Defendant


_____
DAYLE ELIESON
Assistant United States Attorney
Texas State Bar No. 00790639
1100 Commerce Street, Third Floor
Dallas, Texas  75242
Telephone: 214.659.8600
Facsimile: 214.767.2846
Email: dayle.elieson@usdoj.gov


_____
PETER FLEURY
Attorney for Defendant
Texas State Bar No. 07145600
819 Taylor Street, Room 9A10
Fort Worth, Texas 76102
Telephone: 817.978.2753
Facsimile: 817.978.2757
Email: peter_fleury@fd.org


_____
LINDA GROVES
Deputy Criminal Chief
Texas State Bar No. 08553100


_Linda Groves for Chad Meacham by permission_
_____
CHAD MEACHAM
Criminal Chief
Texas State Bar No. 00784584

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_hosam Smadi_       _5/20/2010_

HOSAM MAHER HUSEIN SMADI    Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

     _5/20/2010_

PETER FLEURY    Date
Attorney for Defendant

Plea Agreement - Page 7 of 7