08:20:10  1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

2

3   UNITED STATES OF AMERICA          (  3:09-CR-294-M
              Government,              (

4                                     (
    VERSUS                            (  DALLAS, TEXAS

5                                     (
                                      (  May 26, 2010

6   HOSAM MAHER HUSEIN SMADI          (
              Defendant.              (  4:00 p.m.

7

16:15:42  8         TRANSCRIPT OF REARRAIGNMENT HEARING
          BEFORE THE HONORABLE BARBARA M.G. LYNN

9              UNITED STATES DISTRICT JUDGE

10

    A P P E A R A N C E S:

11

12  FOR THE GOVERNMENT:        DAYLE ELIESON
                               UNITED STATES DEPARTMENT OF JUSTICE

13                             NORTHERN DISTRICT OF TEXAS
                               U.S. Courthouse, Third Floor

14                             Dallas, Texas 75242
                                    214.659.8600

15  FOR THE DEFENDANT:         RICHARD ANDERSON
                               FEDERAL PUBLIC DEFENDER

16                             PETER MICHAEL FLEURY
                               ASSISTANT FEDERAL PUBLIC DEFENDER

17                             NORTHERN DISTRICT OF TEXAS
                               525 Griffin, Suite 629

18                             Dallas, Texas 75202
                                    214.767.2746

19

20  COURT REPORTER:           P. SUE ENGLEDOW RPR/CSR NO. 1170
                               1100 Commerce Street, Room 1572

21                             Dallas, Texas 75242
                                    214.753.2325

22                             p.sue@att.net

23  proceedings reported by mechanical stenography, transcript
    produced by computer.

24

25

2

16:15:42    1

**P R O C E E D I N G S**
May 26, 2010

2

4:00 p.m.

3

REARRAIGNMENT HEARING

4              THE COURT:  Mr. Hamden, raise your right hand,

5       please.

6          (Interpreter sworn by the Court at 04:16 PM.)

7              THE COURT:  All right.  Court has scheduled today a

8       rearraignment of Mr. Smadi.  It is my understanding that he

9       intends to plead guilty pursuant to the plea agreement and the

10      factual resume which have been filed.

11          Before I proceed I have a few questions that I want to

12      ask.

16:17:27  13          MR. FLEURY:  May it please the Court.

14          I'm sorry to interrupt, your Honor.

15          Mr. Smadi understands English.  It confuses him if you're

16      speaking English, and he's listening to the translation.

17          Might it be possible that we use Mr. Hamden simply if he

18      has a question about a word?

19              THE COURT:  That's fine.

20          Mr. Smadi, do you wish to waive your right to have the

21      interpreter interpret as we go unless you have a question that

22      you want to ask him?

23              THE DEFENDANT:  Yes.

24              THE COURT:  That wasn't a very good demonstration,

25      Mr. Fleury.  Since I am 0 for one, I'm not very confident that

16:18:13  1    Mr. Smadi does in fact understand me.  So confusing or not

2    we're going to proceed with the interpreter.

3        Mr. Smadi, let me tell you what I want you to do.

4        I want you to pay attention to Mr. Hamden seated to your

5    right and not to me.

6            THE DEFENDANT:  Yes.

7            THE COURT:  And it's hard to listen to me and listen

8    to him, but since your native language is Arabic, I want you

9    to listen to him.  And if you are looking over at me and not

10   at me, I won't have my feelings hurt.  Look at him and listen

11   to him.  Okay?

12           THE DEFENDANT:  Yes.

13           THE COURT:  Now, I have a few questions.

14       Is it contemplated by the government that if I accept

16:18:55 15   the -- well, let me ask it differently.

16       Is it contemplated by the government that if I do accept

17   the plea agreement today, but defer acceptance of the plea

18   agreement, that at sentencing the government will present to

19   me some of the evidence about the case, or is the government

20   asking me to make a determination about sentencing Mr. Smadi

21   without seeing any of the evidence that the government might

22   otherwise present?

23           MS. ELIESON:  We would expect to present some

24   evidence to you, your Honor, so that you would have some basis

25   of understanding of what has occurred.

16:19:33   **1**         THE COURT:  Okay.  Because that is what I want you

**2**   to do.  Because otherwise I'm being asked to make a

**3**   determination with respect to the sentence where it is obvious

**4**   from the plea agreement that the defense will be arguing from

**5**   30 years at the top down, and if the government sits there

**6**   silently, I have nothing explaining why I should go to 30

**7**   years rather than reject the plea and leave the case as it

**8**   was, which would have subjected the defendant to a term of

**9**   life imprisonment.

**10**        So I have never had a presentation of evidence to me in

**11**   this case, nor should I have, but I will expect to see some

**12**   evidence about the nature of the activity in which Mr. Smadi

**13**   engaged that is more than just the factual resume.

**14**        All right.  The second thing I want to raise is this.

16:20:29 **15**        Is there -- you may not be able to answer this now.  I

**16**   suspect you will not.

**17**        Is there a treaty or other law that would allow Mr. Smadi

**18**   to serve all or some of his sentence in his native country?

**19**          MR. ANDERSON:  Your Honor, I believe we did that

**20**   research at the time that we were asking the Court to go and

**21**   take depositions there.  And there is no treaty that deals

**22**   with any kind of legal authority or activity between Jordan

**23**   and the United States in terms of either prisoner transfer or

**24**   legal things like MLATs or depositions.  That was some of the

**25**   research we did.

16:21:18  1          THE COURT:  Mr. Anderson, I'm going to put the
        2    question to you this way.  Will you -- and you may confer with
        3    Mr. Smadi.  You don't need to answer this now.
        4          But assuming that Mr. Smadi agrees to this, and I would
        5    seek this assurance as part of my determination of whether or
        6    not to accept the plea agreement, that you would stipulate on
        7    his behalf that you know of no legal basis for him to request
        8    that, that you know -- excuse me -- that you know of no legal
        9    basis for that to be granted, and that he has no intention of
       10    requesting that.
       11          MR. ANDERSON:  Your Honor, you need that stipulation
       12    today?
       13          THE COURT:  No.  I just said that.
       14          You may confer with him about it, but I am seeking those
16:22:01 15    assurances from you as part of my consideration of the plea
       16    agreement.
       17          MR. ANDERSON:  I understand that, your Honor, and
       18    we'll put it in writing to the Court at a later date before
       19    sentencing.
       20          THE COURT:  Does the government want to add anything
       21    on that issue?
       22          MS. ELIESON:  Our understanding is the same as
       23    Mr. Anderson's, and we'll work with him to get the proper
       24    stipulation.
       25          THE COURT:  But times change.  I am addressing not

16:22:20   1   just what is now, but what might be.  I believe that Mr. Smadi
2   may -- again, I'm not asking this now.  Certainly Mr. Fleury
3   and Mr. Anderson will want to confer with their client, but I
4   believe Mr. Smadi can stipulate that if the law changes and
5   there is a right to do that, that he would not do that.
6        Okay.  Is there anything else that we need to cover
7   preliminarily before I take the defendant's plea.
8              MR. FLEURY:  No, your Honor.
9              MS. ELIESON:  Not from the government.
10              THE COURT:  Mr. Smadi, come on up, please.
11        All right.  Mr. Hamden, you will continue your
12   interpretation.
13        Again, Mr. Smadi, I do not mind at all if you are looking
14   at Mr. Hamden the whole time I'm talking to you.
16:23:14  15        Would you raise your right hand, please.
16        (Defendant sworn by the Court at 04:23 PM)
17              THE COURT:  All right.  If he speaks in English you
18   don't need to repeat, Mr. Hamden.  Thank you.
19        Mr. Smadi, would you state your full name for the record,
20   please.
21              THE DEFENDANT:  Hosam Maher Husein Smadi.
22              THE COURT:  All right.  You can put your hand down.
23        Now, Mr. Smadi, let me explain to you that I have
24   administered an oath to you, which you have taken.  That means
25   if you answer any questions that I ask you falsely you could

16:23:57  1    be additionally prosecuted.

2         Let me explain what that means.

3         If I were to accept the plea and sentence you to 30 years

4    or less time and then I find out that you had lied to me, you

5    could be additionally prosecuted and would be sentenced to

6    additional time for perjury.

7         Do you understand that?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  Now, you may at any time as we proceed

10   today, if you have any questions, you can ask Mr. Fleury.  You

11   can stop.  You can ask Mr. Hamden to explain.  You can sit

12   down.  You can have a drink of water.  You can ask me to

13   explain what I have said.  All of that is fine.

14        All right?

16:24:31 15            THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  All right.  Now, Mr. Smadi, tell me,

17   please, a little bit about your facility with the English

18   language.

19        I take it from your answers that you understand me?

20             THE DEFENDANT:  Yes, your Honor, I understand.

21             THE COURT:  You're speaking to me now in English?

22             THE DEFENDANT:  Yes.

23             THE COURT:  But there might be some words I say that

24   cause you to want to ask Mr. Hamden to explain to you?

25             THE DEFENDANT:  Yes, your Honor.  Some words I don't

8

16:25:01  1    understand, I would ask my translator.

2         THE COURT:  So right now would you like to proceed

3    with me talking to you, and asking Mr. Hamden questions if you

4    don't understand something?

5         THE DEFENDANT:  Yes, your Honor.

6         THE COURT:  All right.  Mr. Hamden, then stay right

7    where you are.

8      Mr. Smadi, if I say something to you -- I'm going to use

9    a word right now that I bet you don't understand.  I'm going

10   to ask -- use a word, Mr. Hamden, I bet you can't translate.

11     Let's see.  Penultimate.

12     All right.  That wasn't a very good example.  Let me try

13   to think of another one.

14     Interrogatory.  Do you know the word?  Interrogatory?

16:25:42 15     Can you interpret that, Mr. Hamden?

16        THE DEFENDANT:  Okay.

17        THE COURT:  So that's the way we will go.  If I use

18   a word that you don't understand, then you will ask

19   Mr. Hamden.  Otherwise, I will speak to you in English, and

20   you will answer in English?

21        THE DEFENDANT:  Yes, your Honor.

22        THE COURT:  Okay.  What is your date of birth,

23   please?

24        THE DEFENDANT:  XXXX X, 1990.

25        THE COURT:  So you are going to be 20 years old in

16:26:19 1    about a week?

2                    THE DEFENDANT:  Yes, your Honor.

3                    THE COURT:  Were you educated in your home country?

4            (No response.)

5                    THE COURT:  Did you go to school in your home

6    country?

7                    THE DEFENDANT:  Yes, your Honor.

8                    THE COURT:  What country?

9                    THE DEFENDANT:  Jordan.

10                   THE COURT:  How many years of school did you get?

11                   THE DEFENDANT:  11th grade.

12                   THE COURT:  How old were you when you came to the

13   United States?

14                   THE DEFENDANT:  16.

16:27:04 15          THE COURT:  Since you have been in prison have you

16   been seeing a doctor?

17                   THE DEFENDANT:  Yes, your Honor.

18                   THE COURT:  For what?

19                   THE DEFENDANT:  For psychology.

20                   THE COURT:  So you have received medical care from a

21   psychologist, or a psychiatrist at Seagoville?

22                   THE DEFENDANT:  Yes, your Honor.

23                   MR. FLEURY:  Your Honor, may I?

24                   THE COURT:  Yes.

25                   MR. FLEURY:  The doctor, Dr. Duckworth, at

16:27:29    1    Seagoville has diagnosed him as suffering from schizophrenia.

2    Our own doctor has made a similar diagnosis.  The same

3    diagnosis.

4        He's on antipsychotics.  The antipsychotic he's on is --

5    I'm going to spell it, because I don't know how to pronounce

6    it.  It's A-R-I-P-I-P-A-Z-O-L-E, 30 milligrams.

7        He's also on an antidepressant, Trazedone, 100

8    milligrams.

9            THE COURT:  Are you intending, Mr. Fleury, to

10    present evidence that in effect is going to the subject of

11    diminished capacity with respect to the offense at issue here?

12            MR. FLEURY:  With regards to his sentencing

13    mitigation, your Honor.

14            THE COURT:  So you're intending to present expert

16:28:20   15    testimony about that?

16            MR. FLEURY:  Either testimony or a report or both.

17            THE COURT:  Is the government planning to have the

18    defendant examined by an expert?

19            MS. ELIESON:  That is our wish.

20            THE COURT:  Well, that is granted.  You may.

21        Are you asking for the Court's permission?

22            MS. ELIESON:  Yes, ma'am.

23            THE COURT:  Is there an objection by the defense?

24            MR. FLEURY:  No, your Honor.

25            THE COURT:  All right.  You may.  You will arrange

16:28:42  1   that with Mr. Fleury and Mr. Anderson.

2       The Court notes for the record that the government and

3   the defendant are represented by wonderful counsel who

4   cooperate, as counsel should, and I do not expect that I will

5   be called upon to get involved in that, but if to my surprise

6   I need to be, I will be.  Otherwise, I will expect you to

7   arrange that yourself.

8       Do those medicines that you are talking, Mr. Smadi,

9   affect your ability to focus, or to understand these

10   proceedings today?

11       THE DEFENDANT:  Yes, your Honor.  I understand.  I

12   think different when I take them, and I do understand.

13       THE COURT:  Let me ask it -- I think my question was

14   confusing.

16:29:40 15   Some medicines that people take make them unable to

16   concentrate, very sleepy so that -- let it go, Mr. Hamden.  I

17   think I can explain it to him.

18       What I'm trying to find, you seem to be telling me you

19   feel better when you are taking them, not worse?

20       THE DEFENDANT:  Yes, your Honor.

21       THE COURT:  So you feel today that you understand

22   what this proceeding is about?

23       THE DEFENDANT:  Yes, your Honor.

24       THE COURT:  Do you understand the plea that you have

25   signed?

16:30:14  1        THE DEFENDANT:  Yes, your Honor.

2        THE COURT:  Do you understand -- I'm going to come

3   back to this in a few moments, but do you understand that if I

4   accept that plea your lawyers can come here and present

5   doctors and members of your family and tell me about the

6   circumstances with your parents and their divorce and illness

7   in your family and I may still decide, if I accept the plea,

8   to sentence you to 30 years?

9        THE DEFENDANT:  Yes, your Honor.

10        THE COURT:  So you understand that you have agreed

11   to that, and if I do that there is basically nothing you can

12   do about it?

13        THE DEFENDANT:  Yes, your Honor.

14        THE COURT:   That's something that you want me to do.

16:30:52 15      Is that right?

16        THE DEFENDANT:  Yes, your Honor.

17        THE COURT:  I didn't mean by that that you want me

18   to sentence you to the maximum, but you want me to accept a

19   plea agreement that would allow me to do that if I chose to?

20        THE DEFENDANT:  Yes, your Honor.

21        THE COURT:  Do you read English well enough that you

22   read the plea agreement and the factual resume that you signed

23   and understood them without an interpreter helping you?

24        THE DEFENDANT:  Yes, your Honor.

25        THE COURT:  Okay.  Did you also have Mr. Hamden, or

16:31:27  1    someone else, help you read the plea agreement and the factual

2    resume?

3              THE DEFENDANT:  Mr. Peter and Ms. Mary.

4              MR. FLEURY:  When he's referring to Mr. Peter, he's

5    referring to myself, and Mary is Mary -- an intern in our

6    office that also speaks some Arabic, but didn't help him

7    translate.  We just did it in English.

8              THE COURT:  So you did not have an interpreter to go

9    over it?

10             THE DEFENDANT:  No.

11             THE COURT:  All right.  Before -- well, not

12   necessarily today.  I want the plea agreement and the factual

13   resume read to Mr. Smadi by Mr. Hamden in Arabic.

14             MR. FLEURY:  Yes, your Honor.

16:32:14 15             THE COURT:  All right.  Mr. Fleury, since you have

16   advised me of this diagnosis that has been reported to you,

17   and the fact that Mr. Smadi is on medications for

18   schizophrenia and depression, do you have a belief that he is

19   or is not competent to enter a plea of guilty?

20             MR. FLEURY:  I'm very confident that he is

21   competent.

22             THE COURT:  So it is your belief as his counsel that

23   these mental health issues do not rise to the level of making

24   him incompetent to change his plea to guilty?

25             MR. FLEURY:  Correct.

14

16:32:54  1          THE COURT:  Do you similarly have any reason to

        2    question that the plea that is contemplated here is knowing

        3    and voluntary?

        4          MR. FLEURY:  No.

        5          THE COURT:  Mr. Smadi, did you read the indictment

        6    that was brought against you in this case, or did you have

        7    someone review it with you?

        8          THE DEFENDANT:  Yes, your Honor, I understand it.

        9          THE COURT:  You understand that you are charged with

       10    attempted use of a weapon of mass destruction at 1445 Ross

       11    Avenue, a building known as Fountain Place.

       12       And additionally, in connection with that same incident

       13    on or about September 24, 2009 with bombing of a place of

       14    public use.

16:33:50 15       Do you understand that?

       16          THE DEFENDANT:  Yes, your Honor.

       17          THE COURT:  Do you wish to have the indictment read

       18    aloud to you right now, or do you wish to waive or give up the

       19    reading of the indictment?

       20          THE DEFENDANT:  Waive.

       21          THE COURT:  Now, in the factual resume, Mr. Smadi,

       22    let me ask you to look at that.

       23       Is that your signature on page 4?

       24       (No response.)

       25          THE COURT:  Is that your signature?

16:34:32  1          THE DEFENDANT:  Yes, ma'am.

2          THE COURT:  Is that the way you traditionally write

3  your name, Mr. Smadi, that you essentially are signing your

4  name, it's more like printing, and you use all lower case

5  small letters?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  That's the way you typically sign your

8  name?

9          THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  Did you review every part of this

11  factual resume before you signed it?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  All right.  Now, it sets out the

14  essential elements of the offense with which you are charged,

16:35:05 15  and I'm going to state what these elements are.

16      That you knowingly used or attempted to use a weapon of

17  mass destruction.

18      That you knowingly did so against a person or property

19  within the United States, and either the mail or a facility of

20  commerce was used in connection with that, or the property was

21  used in interstate or foreign commerce or affected interstate

22  or foreign commerce.

23      Do you understand those elements, and that the government

24  would have to prove that in order to convict you?

25          THE DEFENDANT:  Yes, your Honor.

16:35:50  1          THE COURT:  Do you understand that by pleading
        2    guilty you are acknowledging that all of those elements
        3    actually exist, are true and that the government doesn't need
        4    to prove anything more about it?
        5          THE DEFENDANT:  Yes, your Honor.
        6          THE COURT:  The factual resume also says that you
        7    believed that the truck with a bomb inside was an active
        8    weapon of mass destruction and that you activated a timer
        9    connected to the vehicle device and you attempted to detonate
       10    it and believed that the bomb in the car would explode and
       11    cause extensive damage.
       12       Do you understand that that is what you are saying in
       13    this factual resume?
       14          THE DEFENDANT:  Yes, your Honor.
16:36:54 15          THE COURT:  Is all of that absolutely and completely
       16    true in every respect?
       17          THE DEFENDANT:  I don't know about the bomb.  I'm
       18    not sure.
       19          THE COURT:  Okay.  What do you mean?
       20          THE DEFENDANT:  I don't understand what -- yes, your
       21    Honor.
       22          THE COURT:  Okay.  There is no problem -- no,
       23    Mr. Fleury.
       24       There is no problem, Mr. Smadi, with you not
       25    understanding me, and we can go back.

16:37:24   1      What did I say to you that you did not understand?

        2           THE DEFENDANT:  Can you explain again?

        3           THE COURT:  Yes.  I'll do it in smaller parts.

        4      The facts say that on or about September 24, 2009 you

        5  took possession, you knowingly took possession of a truck that

        6  contained a destructive device or bomb.

        7      Is that true?

        8           THE DEFENDANT:  Yes, your Honor.

        9           THE COURT:  Okay.  That you believed that it was an

     10  active weapon of mass destruction.

     11      Is that true?

     12           THE DEFENDANT:  Yes, your Honor.

     13           THE COURT:  And that you drove the truck containing

     14  the bomb to Fountain Place, and parked it in the parking

16:38:16 15  garage under the building.

     16      Is that true?

     17           THE DEFENDANT:  Yes, your Honor.

     18           THE COURT:  And that you then activated a timer

     19  connected to the device in the vehicle, and that you then used

     20  a cell phone to detonate the device in the vehicle.

     21      Is that true?

     22           THE DEFENDANT:  Yes, your Honor.

     23           THE COURT:  And you believed that the bomb would

     24  explode and cause extensive damage.

     25      Is that true?

16:38:45  1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  All right.  Let me ask you now to look

3  at the -- Mr. Fleury, just for the record, that is your

4  signature as well on page 4 of the factual resume, correct?

5          MR. FLEURY:  It is, your Honor.

6          THE COURT:  Ms. Elieson, yours as well on page 3?

7          MS. ELIESON:  Yes, your Honor.

8          THE COURT:  Mr. Smadi, the plea agreement, is that

9  your signature on page 6 and also on page 7?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Ms. Elieson, yours on page 6, correct?

12          MS. ELIESON:  Yes, your Honor.

13          THE COURT:  Mr. Fleury, yours on page 6 and page 7,

14  correct?

16:39:40  15          MR. FLEURY:  Yes, your Honor.

16          THE COURT:  Mr. Smadi, on page 7 the plea agreement

17  says, "I have read or had read to me this plea agreement, and

18  have carefully reviewed every part of it with my attorney.  I

19  fully understand it, and voluntarily agree to it."

20    Is that true?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  All right.  Do you understand,

23  Mr. Smadi, that if you proceeded to trial in this case I could

24  sentence you to imprisonment for life?

25    A fine of $250,000 -- up to $250,000?

16:40:21 1    A term of supervised release of up to five years, and you

2    could be imprisoned if you violated supervised release?

3    A special assessment of $100, restitution and costs?

4    Do you understand that those are the penalties to which

5    you could be subject if you did not plead to the case, but

6    were convicted?

7         THE DEFENDANT:  Yes, your Honor.

8         THE COURT:  Do you understand that the plea

9    agreement that is contemplated here is that I may not sentence

10    you to more than 30 years, but other than that I can sentence

11    you to a sentence that I deem appropriate?

12    Do you understand that?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  Do you understand, Mr. Smadi, that after

16:41:19 15    you serve your sentence it is extremely likely that you will

16    be removed from the United States, and never permitted to

17    return here?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  And do you understand, Mr. Smadi, that

20    if I accept your plea you will not have the right to change

21    anything that I do unless I were to sentence you to more than

22    30 years in prison, or if you claim that your plea or your

23    waiver of your right to appeal is involuntary -- let me take

24    these bit by bit.

25    Do you have any basis for claiming that your actions

16:42:05  1  today, and in connection with the plea agreement, are not

2  voluntary?

3          THE DEFENDANT:  I did it by myself, your Honor.

4          THE COURT:  I'm sorry?

5          THE DEFENDANT:  I did it by myself, your Honor.

6          THE COURT:  Does that mean, Mr. Smadi, that nobody

7  is forcing you, you understand what you are doing, and you're

8  doing it because you think it is the right thing and the best

9  thing to do?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Do you make the same statement as it

12  relates to your waiving your right to appeal?  You're giving

13  up your right to appeal?

14          THE DEFENDANT:  I'm giving up my right to appeal.

16:42:55 15          THE COURT:  Are you doing that voluntarily?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Are you doing it freely of your own free

18  will?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Do you know of any basis for claiming

21  that your lawyers, Mr. Fleury, Mr. Peter, as you call him,

22  Mr. Anderson, Mr. Richard, you might call him, have not been

23  doing the very best job that they could for you?

24          THE DEFENDANT:  They did the best job they can do

25  ever.

16:43:22  1           THE COURT:   Thank you.

       2        Now, do you understand that you're basically saying to me

       3    that you're never going to appeal from any aspect of this case

       4    unless I sentence you to more than 30 years, and if I accept

       5    the plea, I cannot do that?

       6           THE DEFENDANT:   Yes, your Honor.

       7           THE COURT:   If I'm guessing, I think that's

       8    someone's cell phone that is buzzing, so I won't require you

       9    to announce yourself, but make it stop.

      10        Just to follow up on what I asked you a few minutes ago,

      11    Mr. Smadi, do you have any complaints about any of the work

      12    that Mr. Fleury or Mr. Anderson have done on your behalf?

      13           THE DEFENDANT:   No, your Honor.

      14           THE COURT:   All right.   Now, Mr. Smadi, a number of

16:44:40 15    these things are set out in the plea agreement, but I want to

      16    make sure you understand them.

      17        You understand that you have the right to go to trial, to

      18    continue to plead that you are not guilty, and to have a jury

      19    come here and judge you?

      20           THE DEFENDANT:   Yes, your Honor.

      21           THE COURT:   Do you understand that in connection

      22    with preparing for trial on June 7th that we sent out

      23    questionnaires to 500 people who filled them out and sent them

      24    back and that a significant number of people said they could

      25    give a person in your circumstance a fair trial, and would not

16:45:20  1   hold your religious or cultural or geographic heritage against

2   you in any way?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  Is it still your wish to go forward and

5   plead and not have your case determined by a jury?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Do you understand that if you went to

8   trial your lawyers could call witnesses on your behalf and ask

9   them questions and question the government's witnesses and

10   assert any and all defenses on your behalf that they thought

11   were legitimate?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  And you wish to waive doing that?

14    (No response.)

16:45:58  15          THE COURT:  You wish to give up that right?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Do you understand that if you went to

18   trial, Mr. Smadi, that the government could not call you as a

19   witness, you would have the right to sit silently, and if you

20   chose to testify, that would be completely up to you, the

21   government could not require you to speak about what happened

22   on the dates in question?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  Do you understand that if you went to

25   trial the government would have to prove you guilty beyond a

16:46:33  1    reasonable doubt, and convince all those people in the jury

2    box of that?

3               THE DEFENDANT:  Yes, your Honor.

4               THE COURT:  If you were found guilty you would have

5    the right to appeal, a right you are giving up in your plea.

6         Do you understand that?

7               THE DEFENDANT:  Yes, your Honor.

8               THE COURT:  It is your wish to give up that right?

9               THE DEFENDANT:  Yes, your Honor.

10              THE COURT:  Ms. Elieson, am I correct -- this is

11   just an assumption on my part, Mr. Fleury.  If you know, you

12   may answer as well.

13        Am I correct in assuming the guidelines for this offense

14   are likely life imprisonment?

16:47:26 15              MS. ELIESON:  Yes, your Honor.

16              MR. FLEURY:  I believe so, your Honor.

17              THE COURT:  Well, in light of that I don't think

18   that I need to review with Mr. Smadi much about the

19   guidelines, because I think the guidelines are going to be

20   irrelevant to the sentencing here.

21        Do you agree with that?

22              MR. FLEURY:  Yes, your Honor.

23              THE COURT:  Mr. Elieson, do you?

24              MS. ELIESON:  Yes, your Honor.

25              THE COURT:  All right.  Mr. Smadi, in order for me

16:47:51  1   to consider accepting your plea I have to be satisfied that

2   everything that you're doing is completely voluntary.  That's

3   a word I have used before that you had some trouble with, so

4   let me use a different word.

5        That you are doing everything freely, on your own, that

6   you understand it, that no one is forcing you or threatening

7   you or coercing you or exercising any excessive influence on

8   you?

9             THE DEFENDANT:  Yes, your Honor.

10            THE COURT:  Is that true?  Is anyone forcing you or

11   pressuring you in any way to take this action?

12            THE DEFENDANT:  No, your Honor.

13            THE COURT:  Do you understand that although there is

14   an obvious benefit to you in pleading, if I accept the plea

16:48:32 15   that I cannot sentence you to more than 30 years, you still

16   should not plead guilty unless you are in fact guilty of the

17   offense?

18            THE DEFENDANT:  Yes, your Honor.

19            THE COURT:  Mr. Smadi, do you wish the Court to read

20   your plea agreement or the factual resume into the record, or

21   do you wish to waive the reading of the plea agreement and the

22   factual resume?

23            THE DEFENDANT:  Waive it.

24            THE COURT:  Do you have any agreements with the

25   government that are not reflected in the factual resume and

16:49:13  1  the plea and supplemental plea agreement?

2          THE DEFENDANT:  No, your Honor.

3          THE COURT:  Excuse me just a minute.

4      (Sotto voce discussion between court and courtroom

5      deputy.)

6          THE COURT:  If the guideline is life imprisonment,

7  I'm assuming that there is no minimum in theory, the

8  government is agreeing and the defense is agreeing to a

9  30-year cap and there is no minimum?

10         MS. ELIESON:  That's correct, your Honor.

11         THE COURT:  All right.  Now, Mr. Smadi, do you

12  understand that if I accept your plea and your attorneys come

13  before me and put on evidence, bring doctors, psychiatrists,

14  family members, you, present evidence to me that they hope

16:50:39  15  will convince me to sentence you to less than 30 years, if

16  they're unsuccessful and I sentence you to 30 years, you will

17  not be able withdraw your plea and decide, gee, I wish I

18  hadn't done that, I would like to go to trial, once I accept

19  your plea, that's it?

20     Do you understand that?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  All right.  Is there anything either the

23  defense or the government want me to review with Mr. Smadi

24  before I ask him how he pleads to the charge contained in

25  count 1 of the indictment that I have not already covered with

16:51:26   1    him?

2              MS. ELIESON:  Not from the government, your Honor.

3              MR. FLEURY:  No, your Honor.

4              THE COURT:  Mr. Smadi, do you have any questions of

5    me, Mr. Hamden or Mr. Fleury before I ask you how you plead to

6    the charge contained in count 1 of the indictment?

7              THE DEFENDANT:  No, your Honor.

8              THE COURT:  All right.  Then I'll ask you,

9    Mr. Smadi, how do you plead to the charges contained in count

10   1 of the indictment; guilty or not guilty?

11             THE DEFENDANT:  Guilty.

12             THE COURT:  All right.  I conclude that you,

13   Mr. Smadi, are fully competent and capable of entering an

14   informed plea and that your plea of guilty to count 1 of the

16:52:03  15   indictment is knowing and voluntary and that your plea is

16   supported by an independent basis in fact containing each of

17   the essential elements of the offense charged by count 1 of

18   the indictment.

19        However, the Court will defer acceptance of the plea

20   agreement until sentencing.

21        Does anyone want to state any reason on the record why I

22   should not do that?

23        I'm sure that you would all prefer that I accept it

24   today, and I'm not by my actions indicating that I will not,

25   but I want to see the evidence and hear the argument before I

16:52:44  1    decide.

2              MR. FLEURY:  No objection from the defense.

3              MS. ELIESON:  No objection.

4              THE COURT:  All right.  MR. Smadi, sentencing will

5    occur in this court on August 20, 2010 at 1:30.

6         Mr. Smadi will be remanded into the custody of the United

7    States Marshal.

8         Is there anything that we need to cover today?

9              MS. ELIESON:  Judge, I'm going to put in a request

10   for a continuance on that sentencing date.  I'm already to be

11   out of town on that date.

12             THE COURT:  That's fine.

13             MR. ANDERSON:  We have no objection, your Honor.

14             THE COURT:  Ms. Greco will just be in touch with you

16:53:21 15   all.  Obviously this case is a matter that the public is

16   interested in, so I want to get the correct date on the record

17   as soon as we can, but we will of course work with counsel.

18             MR. ANDERSON:  Your Honor, we would also advise the

19   Court that there may be a number of witnesses that we might

20   bring at sentencing, and the government might also, so it may

21   be a sentencing hearing that lasts longer than a typical

22   sentencing hearing.

23             THE COURT:  That's fine.  I'll leave a date for it.

24        All right.  Anything else that we need to do today?

25             MS. ELIESON:  No, your Honor.

16:53:52  1          MR. FLEURY:  No, your Honor.

2          THE COURT:  Thank you very much.

3      You may be excused, Mr. Smadi.  Thank you.

4

5                      ---oOo---

6                 *C E R T I F I C A T E:*

7

8      I, P. Sue Engledow RPR/CSR, certify that the foregoing is
a transcript from the record of the proceedings in the
foregoing entitled matter.

9      I further certify that the transcript fees format comply
with those prescribed by the Court and the Judicial Conference

10  of the United States.
     This the 14th day of July, 2010.

16:54:28 11                      */S/P sue Engledow*

12

13                      _____

14                      P. SUE ENGLEDOW RPR/CSR No. 1170
                         Official Court Reporter

15                      The Northern District of Texas
                              Dallas Division

16

17

18

19

20

21

22

23

24

25