U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT - 1 2024

CLERK, U.S. DISTRICT COURT
By_____
    Deputy

In The United States District Court
For The Northern District of Texas
Dallas Division

| | |
|---|---|
| United States of America, | – Criminal case # 3:09-CR-294-M-01 |
| v. | |
| Hosam Smadi, ....  The Defendant-Petitioner | – Chief Judge Barbara M. G. Lynn |

Motion to Reduce Sentence Under § 18 U.S.C 3582-(C)(1)(A): ~ Due to Extraordinary and Compelling Reasons and Circumstances Warranting Release...

## : ~ Introduction ~ :

Comes now, Hosam Smadi, The Petitioner and Pro-se, Moves to ask this court to grant him release by reducing his term of imprisonment Pursuant to 18 U.S.C 3582(c)(1)(A):

This court is empowered to reduce a Prisoner's Sentence when there exists a drastic disparity in the defendant's Sentence Versus What He would have been sentenced today.

Notably, I'm currently 34 years old. My Sting operation case by the FBI targeted me in "Jan 2009" When I only Was "18 years old"; I was arrested in "September 2009" after I turned "19 years old"; Since then I have served about "15 years" of my "24-year sentence" for an FBI government sting manufactured case. While I continue to serve my 24 years long sentence, there is many defendants who Were convicted of Similar crimes Within Sting operations who only received (7-15 years) and/or (20 years Per max) much lesser than my sentence. This comparison includes much older defendants, Violent offenders With Criminal History, capacity, and worse conduct, Compare to myself and my Case With my young age at the time and the government involvement; and no prior Criminal History.

(Page 1 of 27)          continue next

My recidivism is immeasurably small. I had no prior criminal history and would be deported back to Jordan upon release. While in custody I have demonstrated substantial rehabilitation given my numerous educational attempts and achievements with my minor infractions.

Lastly, I have been suffering from several medical conditions exacerbated by my imprisonment including mental Health conditions and mental illness. I have been suffering from complications of a Pelvis and Hernia repair Surgery, Bladder obstruction and inflammation, continuous infections, Prostate obstruction (BPH) - Versus Urological Problems - All this beside my current and Previous mental Health diagnoses of Schizophrenia, Major Depression, PTSD Post Traumatic stress disorder, Anxiety, Personality Disorder among others to which I'm going under mental Health treatment right-now inside the B.O.P mental Health Unit (M.H.U).

All this Pain and Suffering is exacerbated by gaps in medical treatment while in custody including for some dental and eye-sight problems. Combined together these conditions makes my life much difficult in my Prison and abnormal; seriously Hard.

A sentence reduction would allow me to obtain a Proper-treatment from medical specialists, Be closer to my family, and go back to my normal life to work on my future as well would correct some grievance of feelings from unjust case at a young age with a long sentence and unfair laws for Middle Easterns and Muslims due to the dirty Politics after the tragedy of 9/11, 2001.

Given my long sentence, conviction in a sting operation, and substantial rehabilitation while in Prison, Health concern, Age, extraordinary and compelling reasons all this should warrant some reduction in sentence including my deportation to be closer to my family who I have not able to see for more than 15 years; Right now; I have Two Brothers and Seven Sisters and I'm the oldest; who want to marry a European lady to have family and children.

(Page 2 of 27)                    continue Next ..

**\*** • Finally; The 5th Cir Court of Appeal have just ruled in new case (Jean):- <u>United States v. Jean, (No.23-40463)</u> (5th cir. July 15, 2024). Sentencing Courts have a discretion to consider non-retroactive changes in the law when combined with extraordinary reasons warranting compassionate release.

This beside the Previous ruling in "Shkambi" to consider any extraordinary and compelling reasons that the defendant might raise for release; Including Education & Good Behavior; Medical; others..etc.

In this case I am asking the court to consider the new changes in the law since I was sentenced in 2009, specifically the supreme court rulings in "Molina-Martinez"(2016), and "Alleyne (2013)", "Rosales-Mireles (2018)", "Peugh (2013)", and "Buck v. Davis 580 U.S (2017)" all of which have effected the use of guidelines in sentencing calling on courts to use the proper lower guideline in any scenario for sentencing.

This situation in here apply to my case because I was incorrectly sentenced using the higher incorrect guideline in relation to my case; the nature of my offense; and Plea.

specifically, I Pled guilty to "<u>Destructive Device of explosives fire materials</u>" under the statue of "18 U.S.C 2332a", The court made a serious mistake and sentenced me using the higher and incorrect guideline "U.S.S.G § 2M6.1"(42) for Nuclear, Biological, and chemical weapons. Instead of my correct lower guideline under "U.S.S.G § 2K1.4(24)" for Explosives & Arson. And/or U.S.S.G-§2X1.1 (24) for Attempt & conspiracy. And/or U.S.S.G 2K1.3 (24) for unlawful receipt of explosives.

Also, Federal statue 18 USCS § 844(e)(i): calls for (5-20 years). the max sentence for whoever attempt to use any explosives to damage a building or else; that effected Commerce.

All these mistakes increased my sentence greatly and I did not benefit from any of the downward departures, accepting the responsibility, Mitigations, Age, Mental Health and others considering the "18 extra points/levels" from the incorrect guideline.

This also violated "Rule 11" and "§3553a" sentencing factors for the nature of the offense; weapon used; and applicable guideline.

✳. Please see Attached Exh "(E)" Memo of case Laws and Legal Argument with the supportive evidence for the Proper guideline in this case, this should warrant me some sentence reduction and time served. Also see, Exh. case laws in Exh "G".

I am also asking this court to consider my family circum-stances, My father is in his 70s at the end of his age, He has suffered from multible strokes and I want to help in his care-giving as well see him before He pass away while helping 3 of my younger Brother and sisters all under the age of 10 years old.

This court should also takes note that I have been Peacefully active by contacting the Israeli Embassy and government since 2020 to Promote Peacefull ideas between the Israeli's and Palestenians to resolve a century long conflict by Promoting the idea of 2-two states solution with the wider implication for Peace in the Middle East with all the Arab & Muslim countries considering my Status of belonging to one of the largest Jordanian tribal clans whom number reaches about a 100,000 People in the north of Jordan.

This Peacefull idea is also supported by International Law, the International community, and have been a long policy and goal by the United States and it's Presidents including President Clinton, G.W. Bush, Obama, Trump, and Biden who recently met with the King of Jordan to work more closer for a final deal; This all beside my role of speaking against extremism of all sides and against violence.

(Page 4 of 27)                                        Cont Next

— More Introduction —
~ Factual Background ~

I have been imprisoned since sep 2009, more than 15 years. I never had any Prior criminal record. When I gotten involved in this case I was 17 years old without fully developed Brain being below 25; Scientifically speaking, this made me extremely Vulnerable for Poor Judgement, emotions, and easy manipulations not to mention my family Background, divorce of my Parents when I was 14 and losing my mother to Brain cancer while acting as a care-giver in traumatic Hospitals environments at age 15 and living on my own in the U.S at age 16 trying to deal with life stress and my mental Health issues on my own while losing my academic and life Success dreams with my Job and debts stress.

I was induced into this case by the Promises of money, a better Paid Job, a new sport BMW car, free meals in Hotels and resturants with the encouragement and incitement of the government agents using both Political and religious texts while driving inside the FBI wired cars with the government undercover leading the case to obtain the records with the government manufactured device contraband ~ Beside my Bad actions; Poor Judgement.

I was originally sentenced using incorrect Higher guideline U.S.S.G 2M6.1 (42) for Nuclear, Biological and chemical weapons instead of U.S.S.G 2K1.4 (24) for explosives, under the statue of "18 USC 2332a" ~ I Pled guilty to explosive device; nothing else.

The focus of this case was that I had no Prior intent or Plan or ability before meeting the government agents, I never wanted to harm innocent People or any one, I never took any steps on my own and I was led and helped greatly by the government agents.

My charge triggered Sentencing Guideline "3A1.4" this drove my final sentence length which resulted in a 12-level enhancement and unjustly Placed my criminal history category to max "VI".

cont Next

After my sentencing in 2009, the Supreme court made new rulings which effect the way courts apply Guidelines speaking of "Molina-Martinez" 2016, among others. This should help me lower my sentence to time served or by at least few more lesser years not to exceed 20 years.

I'm currently serving my time in the B.O.P Mental Health Unit with a psychology program in the Allenwood U.S.P at White Deer, PA. I am also "care" level 3" Per my mental-Health and with "Medium to low" security Points.

While in Prison at this Program, I completed and obtained my High School diploma GED, Drug Program Cistificate, serve safe Resturants Union certification, among others including Psychology Programs for Criminal Thinking, Social Skills, Emotional Regulation, Mental Processing among others. *Plz see Exh "B"

I also made an attempt to enroll for college to obtain a "BA" 4 year degree in Business Admin & Mangement but was not successfull in obtaining Educational financial grant to Pay my fees due to being an illegal immigrant and want to be deported to Jordan so I can finish a cheaper college in there closer to Home and familly.

I also completed some Educational courses in Algebra, Art, Biology, Anatomy, beside my GED; Plz see the attached Exh for my educational achievements; Exh "B"

I also have several registered Patents and intellectual Property in Energy, Space Technology for green energy with potential for future science Projects with NASA, Space-x, and the EU Space Agency.

*   Please See Attached Exh "F" + "B"

I'm always learning with Positive influence on inmates and intellectual occupations; I have completed morethan 50 classes beside my GED in Prison.

(Page 6 of 27)    Cont Next

Also, However, I still continue to suffer from Painfull Surgery complications with my Pelvis repair, recurring infections obstruction in Prostate and Bladder versus Urinary Problems and inflammations. This caused me extreme mental stress and skin inflammations exacerbated by Prison conditions. All this was identified by doctors and can sometimes flareup with some torture and unable to live normal or sleep. I continue to request medical attention with courses of antibiotics and anti-inflammations without resolve.

Further the Prison has limited capacity to treat chronic conditions, especially when suffering for years with several misdiagnoses and ineffective treatments; Beside My Mental Health.

This was also enhanced by my Suffering from my Mental-Health conditions, Schizophrenia, Anxiety, Post Traumatic disorder among others to which I'm going under treatment now.

                    ✱. Plz See Medical Records Exh "A"


My family have Prepared an Apartment for me with a car and want to help me complete my college education in Business Admin as well (IT) information Technology so I can operate a small Business while working Part time in my Brother & sister Law office in Amman Jordan; Both of my Brother and Sister are a Very well Known Attorneys in my country with a large offices in the capital.

- Please see ✱. Facebook.com/SmadiLawyersAndLegalconsultants
    — Also) — ✱ Facebook.com/smadiHusein    — My Brother Husein.
    — And) — ✱ Facebook.com/RaamSmadi    — My Sister Rama.

This will also allow me see my father who is a retired Deputy Minister for the Dept of Agriculture in Jordan — He is in his 70s and has suffered from multible strokes and I want to be around him as a care giver before He Pass away; He also going to finance my college.

                    (Page 7 of 27)                    Cont Next

Argument

I. ( I Have The Stautory Right To Petition For
A Reduced Sentence under the First step Act..)

The First step Act of 2018 grants the Court the authority
to reduce a sentence when "extraordinary and compelling reasons"
are Present, as they are here.

- on August 1, 2024, I sent an email and legal request
for sentence reduction to the warden of U.S.P Allenwood in
White Deer, PA.. Where I'm held in the Psychology Program of
the MHU Mental Health Unit. Please See Attached Exh "C"

- on August 6, 2024, the office of the Warden responded that
I Should address my issue directly with the court. Morethan
thirty days have passed since the Warden's receipt of my request
and the BOP has not filed a motion on my behalf.

II. ( THIS court Should Not Rely upon U.S.S.G
§ 1B1.13 oR Its Commentary ...)

In light of "shKambi" this court should "Consider any
extraordinary and compelling reasons the defendant might raise
for release. United states v. ShKambi, 993 F. 3d 388, 392 (5th cir 2021).
Because the application note to U.S.S.G § 1B1.13 limits that
application of its Policy statement to motions filed by the BOP,
a district court "cannot rely on Pieces of text in an otherwise
inapplicable policy statement. Also citing "Antonin Scalia" and
"Bryan Garner" Also see United States v. McGee, 992 F.3d 1035,
1050 (2021); The district court is bound by the sentencing factors
in § 3553(a). The ShKambi court is compelling in its logic.
This also is supported by the new Law in (Jean) for the court
to consider non-retroactive changes in the law beside any
extraordinary reasons including medical & Education.

cont Next

(Page 8 of 27)

## III. Courts Regularly Grant Compassionate Release When Defendants Would Be the Subject to a Much Shorter sentence If Sentenced Today.

"Any extraordinary and compelling reason" includes a large sentencing disparity between the Prisoner and other defendants convicted of the Same crime, changes in Sentencing laws, the excessive term of imprisonment, rehabilitation, the Age at the time of the offense, Criminal History record, The substantial sentence served, the applicable guideline, family circumstances, Medical Conditions, Educational Achievements, Future Goals, Release Plans, ... Among others;

See, e.g United States V. Redd, 444 F. Supp. 3d 717, 722 (E.D. Va. 2020)(granting defendant's motion to reduce his sentence with respect to his excessive term of imprisonment and his extensive work for rehabilitation while incarcerated).

Similarly in a famous case in the Fourth Cir (4th cir)(McCoy) The court affirmed the district court grant of a sentence reduction Primarily due to the dramatic disparity in the defendant sentence and in light of changes in sentencing law. United States V. McCoy, 981 F.3d 271, 285 88 (4th cir. 2020);

Very much "shKambi" 5th cir relied on "McCoy case law" analysis Specifically, the court emphasized the incredible length of the sentence imposed if sentenced today With McCoy's young age at the time of the offense with no relevant Criminal History, making stacked sentence inappropriate, the court also considered "McCoy's Rehabilitation, With his many educational and vocational achievements and restitution payments, beside the substantial sentences the defendants already had served at the time of their motions about ~17 to 20 years~ meaning more than half time of his life in Prison.

Constinentent or consistent With McCoy, many courts have granted sentence reductions to time served.

Cont Next

See United States v. Wilkerson, No. 5:96-CR-167-1H, 2021 U.S. Dist. Lexis 52048, at *5 (E.D.N.C. Mar. 19, 2021) (reduced to time served); Babb v. United States, No. ELH-04-0190, 2021 U.S. Dist. Lexis 105829, at *29 (D. Md. June 4, 2021) (reduced to time served); United States v. Haynes, 456 F. Supp. 3d 496 (E.D. N.Y. 2020) (Reduced to time served); United States v. Hope, No. 90-CR-06108-KMW-2, 2020 U.S. Dist. Lexis 86395, at *3 (S.D. Fla. - April 10, 2020) (reduced to time served); United States v. Brown, 457 F. Supp. 3d 691, 699 (S.D. Iowa 2020) (reduced sentence to time served).

— These wide reductions includes people with life sentences and criminal History who only served 20 years or less before they were released; Some who only served "10 years with terrorism".

— United States v. McDonell, 513 F. Supp. 3d 752, 757 (E.D. Mich-2021) (reduced Sentence to time served); United States V. Adeyemi, 470 F. Supp. 3d 489, 520 (E.D. Pa. 2020) (reduce sentence to time served).

— United States V. Ferizi (No. 1:16-CR-42) (LMB) (E.D. Va - Dec 2020) (serving 20 years for terrorism reduced to time served).

— United States v. Sami Samir Hassoun, (No. 10-CR-773) (7th Cir) Lexis 129445, (July 2020) (Time served on Terrorism charges, only served →10 years out of 20 before deportation to Lebanon).

— United States v. Mohamad youssef Hammoud, Case No 3:00-CR-147-GCM-DSC-1, U.S. Dist Lexis 214184 (W.D. N.C. Nov 29, 2022) (Serving 30 years for Terrorism was reduced to time served base on medical, and Educational, family and good behavior).

Some of these defendants were with criminal History, long-sentences, were convicted of a much worse conduct, and were much older when they done their own crimes without government help or influence.

Cont Next

(Page 10 of 27)

## A. ( Courts May Reduce Sentences for Disparities in ):
( Sentencing Even When There is No change in Law )

The broad principle in the sentence reduction for most cases is to consider the length of a defendant sentence versus of what the sentence today and the recognition of congress intent to reduce Prison time when there is low risk of recidivism.

Courts also considered the length of sentence Versus the amount of time served, along other factors including changes in sentencing laws.

Some Courts considered the Bop's other enumerated factors for identifying extraordinary compelling resons ; specifically:

The nature and circumstances of the defendant's offense, his criminal History, length of sentence and the amount of time served, current age and age at the time of offense and the sentencing, release plan, and Programming ... etc

Many courts today does grant release in light of gross disparities in sentencing post "Molina-Martinez"(2016) considering the more Proper guideline and calculations base on the nature of the offense and the mitigation factors beside the age and mental health.

For Example in the case of "Adeyemi," Previously cited United States v. Adeyemi; 470, F. Supp. 3d 489, 520 (E.D. Pa. 2020) — The Court noted substantial case law changes, the gross disparities, with the B.O.P other factors, then concluded that the defendant fulfills each and every one.

Notably, despite a change in sentencing law under the First step Act making Mr Adeyemi's sentence longer than it would be, had He been sentenced today, the court held nonetheless that "we ultimately conclude Mr Adeyemi' has shown extraordinary reasons — not due to Mr. Adeyemi's health conditions alone

cont Next.

nor due to a change in sentencing law, but under the combination of the factors approved and applied by the Bureau of Prisons". Id. at 529. In analyzing the length of sentence and the amount of time served, the district court considered Adeyemi's extraordinary long sentence and the much shorter sentence needed today, if sentenced today. Id at 528. Thus, Adeyemi exemplifies a court's ability to grant a sentence reduction due to disparities in sentencing — regardless of whether the disparity is specifically due to disparities in sentencing regardless of whether the disparity is specifically due to the intervening change in sentencing law.

IV.) "Extraordinary And Compelling Reasons" Warrant A Reduction IN My case-Sentence.

A. My Sentence of 24-years Is Vastly Disproportionate in Comparison to other Defendants Sentenced to less than "(Five, Ten, Fifteen and Twenty years Max)" For Similliar crimes.

I have been imprisoned for about morethan "15 years" by next week, the equivalence of about "18 years" with the calculations of good time, this is morethan what I have lived in the free World considering my arrest at age (18-19) for a government influenced crime and government manufactured weapon (explosive device of inert nature) (incomplete). I believe that I was the first Person in the country to be convicted in such outrageous manipulative methods in this terrorism case with extreme charge and Sentence after I pled guilty due to the pressures and the lack of faith for a fair trial considering all the laws and anti-muslims views in the aftermath of 9/11.

— Not to minimize my bad role and bad statements in my case which were the result of me trying to impress the government and were the result of my immaturity "want to tell them what they want" to hear."

cont next

This court at the time sentenced me under the available incorrect higher guideline U.S.S.G 2M6.1 (42) for Nuclear, Biological, and chemical weapons which resulted in a "24 years" sentence even though the court thought they were giving me a below guideline sentence after considering mitigations, age, minimum role and lack of ability which I'm gratefull for with the benefit for me for accepting the responsibility at the time. However, the court didn't realize that this was an excessive long sentence considering the correct guideline in this case and other similar cases involving government encouragement and manufacturing. Following the guidance of cases such as "McCoy, Eccleston, and shKambi," the court should, therefore, compare my sentence to others with the correct guideline.

✳. For National Defense Crimes — the category encompassing material support and Terrorism crimes — the mean sentence was 38 months and the median was 24 months. Adding these together, the mean sentence for a comparable defendant today would be "96 months" and the median "58 months". These means and median include those given to individuals who engaged in real violent conduct; with much capacity and without the government help or encouragement. This means my sentence is therefore "5 five times" longer than the typical sentence of similar crimes.

Further, I already served about — "15 years" — The total equivalence of "18 years" with good time — in itself four times the typical sentence. Moreover, There have been many cases with the exact nature, conduct, and government involvement after my case in 2009 with similar charges and inert explosives weapon charge all of whom were sentenced below 20 years, some have received "5 years", "7 years", "15 years", and "17 years". only 2.44% of all cases resulted in a sentence of 20 years or more.

My case sentence and time served are multiple orders of magnitude longer than sentences for comparable defendants.

(Page 13 of 27)

cont Next

My sentence exceeds any reasonable or just sentencing metric. In hindsight and with the benefit of my record, achievement, and moderation while imprisioned, there is no objective factor to justify the continuation; indeed the exacerbation of the disparity. I had no prior criminal record.

— Under U.S.S.G § 3A1.4, the increase in my criminal history, which the sentencing commission "legistlated" without fact-finding, is more egregious and with less factual basis than the stacking under § 924(c).

For example in "shkambi" and "Mccoy" –: In "Mccoy", the court granted a sentence reduction upon reasoning that the incredible length of the sentence imposed which exceeded that necessary to achieve the end of justice. If sentenced today "Mccoy" likely would be subjected to less than half.

Mccoy had engaged in violent behavior—two robberies while brandishing a gun and the sentencing commission had much data on recidivism of those convicted of multible robberies. In my case, the sentencing commission had no data whatever to suppor the increase in my "criminal History" (Category VI) and the increase of (12) to the offense level in the case of a goverment manufactured inert device with no evidence Presented of a connection to an effort to manufacture such an inert explosive device on my own is further without justification—judicial facts recent distcict courts decisions have relied upon to reject the increase. See, United States v. Alhaggagi, 372 F. Supp.3d 1005, 1015-16 (N.D. Cal. 2019) ("it is also inappropriate to automatically increase a defendant's criminal history based on unsubstantiated assumptions about recidivism). "The terrorism enhancement is not backed by any empirical evidence". "The terrorism enhancement for the treatment of criminal History flies in the face of fair, individualized sentencing" and refusing to apply it);

United States V. Jumaev, 2018 U.S. Dist. Lexis 119916, 2018 WL 3490886 at *12 (D.C. Col. July 18, 2018); "The Terrorism enhancement, when applied, 'takes a wrecking ball' to the initial Guidelines range; And, declining to apply it); ~ United States V. Dais, 482 F. Supp. 3d 800, 802-03 (E.D. Wis. 2020); (finding §3A1.4 is "contrary to the Purposes of Sentencing in 18 U.S.C. §3553(a); including the notion that sentences should be individualized and proportionate, and that We should distinguish between the worst offenders and those who are less dangerous" And, refusing to apply it); (Automatically increasing the criminal History to reflect the Seriousness of the charged offense seems misguided).

— In Short, the increases in offense Level and Criminal History that are the court core to increase sentence under §3A1.4 and defined my long sentence is exactly the type of mechanistic Sentencing — that reflexively defines an individual as irredeem with no basis in fact — the First Step Act is intended to replace with Compassion and reasoned application of the §3553 factors.

Unlike many defendants, my case and arrest was after I turned "18-19 years old", I'm now over 34 years old; served more time in Prison than been free losing all my young years that is the core of my future to build successfull good life, marry, children, family, Business, college, ...etc

My Brain at my age at the time was not fully developed not untill my(25) and my late "20s" later I have experienced what does it mean to be older and wiser and more mature with remorse over young age stupidity in my case without the guidance of my family and Parents overseas and for not thinking about my future and talent in life to help my self and family; beside my mental health at the time; and Poor Judgement.

continue Next

✱. Like many previously mentioned cases, I was imprisoned when I was young before reaching my 20s; Right now at the age of 34 years old, I have spent nearly half of my life time in Prison. This court should grant me a second chance with a compassionate release. See Redd, 444 F. Supp. 3d at 722; Wilkerson, 2021 U.S. Dist. Lexis 52048, at *5; Babb 2021 U.S. Dist. Lexis 105829, at *29; Haynes, 456 F. Supp. 3d at 500; Hope, 2020 U.S Dist. Lexis 86395, at *3; Brown, 457 F. Supp. 3d at 699; Robles, 2021 U.S. Dist. Lexis 150046, at *33; McDonell, 513 F. Supp. 3d at 757; Adeyemi, 470 F. Supp. 3d at 520.

Its true that my release date is within the next six-years, Feb 2031; However getting release right now is of an great important benefit for me to seek medical treatments for my pain and suffering, finish my college, see my father and be a care giver for him before He passes away; as well be around my family while also fixing my life and future to have a family of my own overseas considering all of the uncertain bad economical conditions of the world today after covid beside the end of justice considering my long sentence, changes in the law among others; with my good educational success.

### IV.)(B.) More Extraordinary And Compelling Reasons to Warrant a Reduction Is The New change of Law and the Proper Guideline In this case;

The "5th cir" court of Appeals have just issued a new ruling and guidance in (Jean); United States v. Jean, No.23-40463, (5th cir. July 15, 2024). (change in the Law could serve as the basis of a reduction in sentence; none-retroactive changes in the law when combined with extraordinary reasons such as "rehabilitation" can serve a motion under 3582 for compassion release.

cont Next ..

Also; In recent years after I was sentenced in 2010; The Supreme court made several important rulings and new changes in the laws of sentencing which apply to my case in here; specificly;

The Supreme court's ruling in "Molina-Martinez" (2016): It's a significant error to use an incorrect guideline, the error in calculation alone is enough to show Prejudice; "Alleyne (2013)": Any thing increases the mandatory sentence is an element of an offense that must be Proven beyond reasonable doubt; In Peugh (2013): sentencing decisions anchored by the guideline, the guideline can violate the Ex Post Facto; Rosales-Mireles (2018): Consider errors that are Plain and effect Substantial rights; Griffith V. United States, 871 F.3d 1321 (11 Cir, 2017)("The use of erroneously high guideline can result in Prejudice. Also see Buck V. Davis 580 U.S (2017).

In Molina-Martinez (2016); The Supreme court held that Sentencing courts must use the lower guideline when confronted with a multi-guidelines.

In United States v. Aref, 2007 U.S. Dist. Lexis 17919, (N.D.N.Y, March 14, 2007); The underlying offense is a Violation of 18 U.S.C §2332a, unauthorize use of a weapon of mass-destruction, A Guideline sentence for a violation of §2332a is determined using either U.S.S.G §2K1.4 (24) or §2M6.1 (42). "Section 2M6.1" the higher guideline does not apply because the definition in Application Note 1 excludes the subsection of §-2332a that is charged in the Superseding indictment.

✻ Application Note.1; Defines a weapon of mass destruction as any weapon of radiation, nuclear, biological, and/or chemical.

In my case the court made a serious mistake by sentencing me using "U.S.S.G §2M6.1 (42) for nuclear, Biological and chemical weapons instead of my true lower guideline U.S.S.G §2K1.4 for Explosives (24), the difference in calculations is (18 points/Levels). This increased my sentence by at least "10 years".

cont Next

I Pled guilty for the government made device of
the explosive materials – destructive device under the statue
charge of "18 U.S.C 2332a" Violation; Which goes under
U.S.S.G §2K1.4 (24) for explosives.

Further see United States v. Wright, 2012 U.S. Dist.
Lexis 162592, (Case No. 1:12-CR-238)(6th Cir. E. Ohio Nov 14,
2012); (The relevant text of 18 U.S.C. §2332a — C. Definitions–)
(2. The term "Weapon of mass destruction" means –(A) Any Destructive
Device as defined in section 921 of this title; The relevant text
of 18 U.S.C §921 Provides: §921. Definitions (a)(4) The term
"destructive device" means (A) any explosives. (i) Bomb ... ; ⟶

Cont. All three Presentence reports ... rejecting the government's
Position that the applicable sentencing guideline is U.S.S.G. §
2M6.1 with the following explanation: ... (B) U.S.S.G "2M6.1"
is titled "Unlawful Activity, Nuclear, Biological"...etc..., The
following is contained in "Application Note 1" of that guideline's,
Definitions:– For Purpose of this guideline:... Weapon of mass destruction
has the meaning given that term in 18 U.S.C. §2332a(c)(2)(B),–
and (c) and (D)." Since the weapon involved in the instant offense
does not meet the definitions ..., ... U.S.S.G §2M6.1 is not
applicable; ⟶

(C) U.S.S.G. §2K1.4 is titled "Property Damage by use of
explosives and it is the applicable guideline. According to U.S.S.G
§1B1.2(a)," if the offense involved attempt, ..., refer to §–
§2X1.1 (Attempt or conspiracy) (24) ..., as well as the guideline
refenced in the statutory index for the substantive offense; ⟶

✳. U.S.S.G §2X1.1 (a) Was considered, it would result in the
same offense level as §2K1.4 (24) ..

✳ All three defendants in this government case trying to blow
up property and bridge in Ohio recieved mere a third of
my sentence between (97 – 138 months) Max ; See Exh E & G:

(Page 18 of 27)                    Cont Next

Also see United States v. Wright, 747 F.3d 399; 2014 U.S. App. Lexis 5736 (6th cir court of Appeals March 28, 2014) (The Dist court apply downward on the basis of the inert nature of the explosives, the CHS's undercover role in facilitating the offense). All defendants received (72-138 months) in sentences significantly below the guideline range.

✱• Like these defendants, my case explosive device was inert in nature and was facilitated and manufactured by the FBI Without any role by me ; my 24 years (288 month) sentence using the incorrect guideline is extremely long and excessive.

This increased my sentence and I did not benefit from any downward departures; The Court should consider the correct guideline and grant me a time served reduced sentence accordingly .. for my deportation back to my family and country ; with the benefit of my educational record, release plans, medical needs, and family conditions With the end of Justice for a fair sentence and process.

See Exhibits "Attached" for further information needed.

The Court should also Keep in mind that my original conduct in this case Was mere Venting or making a threat; without the government involvement I would have served no longer than "5 years" in Prison for making a threat.

✱• Further Federal Statue 18 USCS § 844(e)&(i): Whoever damage, destroy or attempt by means of explosives any building or Property used in interstate commerce shall be imprisoned not less than 5 years and no more than 20 years.

My sentence of 24 years (288 months) is trully unecessary, and I Pray the Court to grant my motion with full remorse for my stupid statements and actions in this case trying to impress the government agent; In my stupid young teen age years.

(Page 19 of 27)         continue Next

1.) Terrorist Defendants With much more severe
Egregious Conduct Have Been Granted Compassionate
Release.

I understand that the Judge in this case might does
not want to show me any mercy or relief in the
interest of fair Justice due to the fear of muslims,
the dirty Politics and media; But However truly I was
mainpulated and misled in this case which caused me to
experience trauma and remorse for being young and very
stupid in my Past actions and bad statements this should
not bar me from compassionate release. In fact, many
courts have many motions for compassionate release on
grounds such as medical concerns to defendants convicted of
Terrorism related charges, including older mature persons who
were involved in violent attacks against the United States
refusing to disqualify them based on the offense of conviction.

See, United States v. Bary, No. 98-cr-1023 (LAK), at *7
(S.D.N.Y. oct 7, 2020) (Kaplan, J.) (granting compassion release
to Prisoner on medical grounds despite his being involved in the
bombing of two United states embassies, resulting in the death of
hundreds of people);    United states v. Hassoun, 470 F. Supp.
3d 804 (N.D. ILL. 2020) (granting compassion release due to covid
to defendant convicted of attempted use of a weapon of mass destruction
and malicious attempt to destroy building using explosives device
who was sentenced to a 23 years and served only 10 years).

United states v. Rana, No. 09-CR-8308, 2020 U.S. Dist. -
Lexis 208638, at *2 (N.D. IL. June 9, 2020) (granting a
compassion release on medical ground to defendant convicted
of terrorism for a planned attack on newspaper).
United states v. El-Hanafi;  United States v. Hasanoff, -
10-cr-162, 2020 U.S. Dist. Lexis 199816, 2020 WL 6285308
(S.D.N.Y. oct. 27, 2020) (granting release to co-defendant of
El-Hanafi, who was convicted in support for Al-Qaeda; 216 months).

(Page 20 of 27)          cont Next

United States V. Hawo Mohamed Hassan, No. 10-187(02)(MJD), 2020 U.S. Dist. Lexis 165638, at * 1 (D. Minn. Sep. 10, 2020); granting compassion release to defendant convicted of supporting terrorism).

Most of these defendants were convicted for been in a terror organization (DFTO) Designated foreign terror organized groups — unlike me who never been involved with any group — I was mere aloner and not part of any group.

Also, see United States V. Amina Farah Ali, No. 10-187(01) (MJD), 2021 U.S. Dist. Lexis 73320, at *6 (D. Minn Apr. 16 2021) (granting compassion release to terrorims supporter who was serving 240 months). United states V. Tajideen, 1:17-cr-046 (D.D.C. May 28, 2020); (compassion release for a Hezbollah supporter).

In short, I was less culpable than many more defendants that have been granted compassion release. Further during my case I was a young, delusional, and did not want to cause harm to innocent People like extremist groups and was led by the government agent while away from my family and during suffering from mental crisis, debt, and stress of bad Judgements, with my drug use and abuse while trying to impress the government to get money and BMW; Promised to me.

Also I dislike repeating the same information, this court should not only rely on the information of my misleading PSR — As shown in my Previous filling in "2021" my — Previous compassionate release motion of (April 2021) I have included all of the information to inform the court of all the missing details the FBI with the government and public Defender office have covered up to Prevent this court from making a good fair Judgement in my case, this court should keep those informative information in mind and I'm sure Judge Lynn have reviewed my Previous motion in it's entirety for this dirty case.                    Cont Next

B). Under 3553(a) I am Do Qualified For Release Based Upon Time Served and Specifically, I am not of any Danger to the Community, Consistent With U.S.S.G. §1B1.13

This Brief does not focus at any length on all of the factors set forth in 18 U.S.C. §3553(a), which are largely duplicative of discussing throughout the brief. These factors include the nature of the offense and the defendant's Personal Characteristics (sting operation greatly helped, led and Was manufactured by the government agents; I was Very young youth in my "18" living on my own trying to make a future as an immigrant in a far away country without my family, and this was my first Crime or offense with my History and mental health Problems, Bad and good character, without the government involvement my original conduct was mere a Venting threat made online while High smoking weed which could have landed me in prison for up to "5 years", I never had any plans nor took any Steps for any illegal activity or any crime before meeting with the government agents whom I wanted to impress and due to my delusions and misunderstanding of Conspiracy Theory wanted to Prove 9/11-inside Job); (2). The need for the sentence to to reflect the seriousness of the offense, Promote respect for the law and Provide Just Punishment (I have fully served 15 years which is equal to 18 years with good time and far above the mean and median for similar crimes, defendants, and more than People serving time for real murder the Average of which is (213 months). (3). The Kinds of sentences available and the applicable Guidelines range (My Roper guideline §2K1.4 (24) and/or §2X1.1(a)(24) - 18 levels less - than what was incorrectly used earlier at my sentencing §2M6.1(42) - and - without the application of §3A1.4, All discussed herein, my sentence that was served is far above the guideline - (4). any Pertinent Commission policy statement. (5). The need to avoid unwarranted sentence disparities (others charged with similar offenses, the time served is already disparately high).

Cont Next

and (6). the need to Provide restitution (none, thanks to God); – 18 U.S.C. §3553(a); – For example the second and fifth factors overlap with my Primary arguments, based on my sentencing disparity and the length of my sentence. The Fourth factor is explored addressed through 18 U.S.C.G. § 1B1.13. As also discussed herein, analyzing these factors in light of my commendable records; while incarcerated with my health issues, Proper guidelines, family issues and change in the law, all further support this Petition.

In addition to finding extraordinary and compelling circumstances, the court must find that the reduction conforms with the "applicable Policy statements set forth by the sentencing commission; and the court must consider "the factors set forth in (18 U.S.C § 3553(a)". 18 U.S.C. § 3582(c)(1)(A). In considering sentencing commission Policy statements, courts look to United States Sentencing Guideline § 1B1.13, which largely reiterates other requirements from § 3582(c)(1), and adds that "the defendant is not a danger to the safety of community." Also courts consider the recidivism; In some cases.

I am in no way danger to the community considering my good charachter, History, family and my removal deportation out of the U.S.A; Further I have been always a good and Positive influence on others inside and outside Prison with strong believe in morals and ethics and in helping others with my modern polite persona. Most of my incident reports in Prison were mere comments of insolents/insolence toward some unprofessional abusive staff, another for breaking up a fight, making Apple Vinegar with small trace of Alcohol, and writting love letters to female officers whom I might liked. Most of the good regular Prison officers consider me a Polite, respectfull, clean, cirillized and well mannered intelligent Person who keep it to himself learning, cooking, watching TV, studying and doing good Programs with good inmates away from trouble, beside my time in intellectual research and writting for medicine, Art and technology.

(Page 23 of 27)                    cont Next

Further, I have Kept a good conduct clear record for the past 18 months while doing my psychology program in a B.O.P mental Health Unit. I been taking so many classes and have faced no material disciplinary issues. I am also taking both anti-anxiety and antidepressant medications with good improved mental health record. See, Adeyemi 470 F. Supp. 3d at 525-(finding the defendant's four disciplinary infractions including the "Possession of a cell phone" did not negatively weight against the defendant when the court granted motion to reduce his sentence from 385 months (32 years) to time served, or 165 months (13 years).

Quite the opposite during my time in my Prison I used my time to further my education, including by earning complete Programs, Drug program, Psychology, mental Health treatment, obtained my GED High school diploma, Restucants Association certifications, I have several patents intellectual property in new Space Technology, Energy systems, and some research papers work in medicine with futute potential for good outcome in industcy.

I have attempted to enroll in college to obtain a "4 years-BA" college degree in Business but was unsuccessful due to being an illegal immigrant with no chance for grant. My father and Jordan's People with my family want to help me finish my college at Home once deported for a much cheaper living and education with good Potential for me to operate Business and maybe work in Europe.

Before my Prison, I was a law abiding person, working 6 days a week (60-70 Hours), as a cashier and food manager in gas stations and restucants, I was paying my own living and rent at a young age and dreamed of completing my education in computers, technology and medicine but was unable due to being an illegal immigrant with no family in United states.

Staying in Prison right now is Preventing me from higher education and correcting my future considering all time I spent in Prison; at young age away from family.

cont Next

(Page 24 of 27)

Also, see McCoy, 981 F.3d at 278 (Considering the defendant's educational achievements to support reducing sentence). My attached Educational Transcript show that I have completed over 50 classes ranging from psychology, to Science, Act, Anatomy, and Math beside my GED and Drugs programming. And Restucants Association.

In fact, my hope now is to be sent home to Jordan, considering I'm in my mid 30s, together my education plans and good behavior is further evidence to reduce my risk of recidivism. See, Hassoun, 470 F. Supp. 3d at 806 (Acknowledging Hassoun had engaged in "malicious attempt of terrorism to destroy building using explosives device", He engaged in positive steps and agreed to removal to Lebanon". Granting sentence reduction to time served).

In contrast, many of Prisoners in B.O.P are people with Criminal History, regularly engaged in drugs, gangs, Violence, With high risk and no educational achievement or goals. See, Amina Farah Ali, No. 10-187(01)(MJD), 2021 U.S. Dist. Lexis-73320 (D. Minn, Apr 16, 2021) (granting release to material support of terrorism defendant, who does not pose threat to community, the defendant low recidivism, completion of Programs and GED).

My educational achievements will be good preparation for me for gainful employement out of prison. My family law offices with my brother and sister in Jordan as well the completion of my college with my Patents and Support by my family including some potential to work in several Businesses in the field of renewable energy, space Technology, security, and/or manufacturing in Jordan, the U.K, or Germany.

See United States v. Redd, 444 F. Supp. 3d 717 (E.d. Va 2020) (noting open offer of employment at security firm supported the court to reduce his sentence).

Cont Next

(Page 25 of 27)

As the court in "Shkambi" and "Mccoy" considered the the Prisoner's "rehabilitation Shown through many of the educational and vocational achievements to reduce the sentence, I urge this Court to consider my accomplishments and low risk for time served.

— C.)  I Additionally suffers from Both medical and Mental conditions that Have Not Been Resolved in Prison Together With Complication Risk.

Another factor the court considers in analyzing § 3553(a) sentencing factors includes whether the sentence imposed "Provides the defendant With needed educational or Vocational training, medical care, or other correctional treatment in the most effective manner". 18 U.S.C. § 3553(a)(2)(D); See, Rana, 2020 U.S. Dist. Lexis 208638, at *11 (noting this § 3553(a) factor further warranted a sentence reduction to provide medical care to defendant).

Since at least 2012, I have been suffering from the complication of my Pelvis repair surgery with my mental Health this made things worse. I have seen several doctors who have confirmed serious obstructions and phsiological changes in my Bladder, Prostate's, Urinary system and Pelvis including a tight and Permanent Bladder neck obstruction, Polyps and some fibrosis or trauma to Prostate and Bladder, inflammation, Pain and redness, I have Suffered multible infections and Pain from sutures in my Pelvis with double Hernia surgeries and allergic reactions to tissue with extreme pain and suffering "tantamount to much of torture" sometimes "I writhes in pain unable to sleep", I have suffered excruciating Pain for morethan "10 years" With loads of antibiotics, and anti-inflammations, Urologists Visits; I have to cut my self one time to drain the infection without Proper treatment It took me morethan "10 years" to get "MRI" done among others.

(Page 26 of 27)                    cont Next

several times Prison doctors misdiagnosed me untill I had deadly sepsis with fever and I was put on antibiotics for a whole month. one time I was sent outside doctor without my medical records. This condition could cause me more serious Problems to my kidney with kidney stress and infections; sometimes I have to use the restroom 5-10 times in an Hour because I'm unable to empty my Bladder. Recently I begun experiencing colon problems and I'm in need of colonoscopy, beside Problems with my eye sight In-need of a laser surgery and have some dental decay and need good dental treatment. Consequently, the BOP has not Provided me with medical treatment in effective manner, and granting me compassion release will allow me to get the medical treatment needed my family in Jordan have good insurance and there is many good Hospitals and doctors — It took me about 4 years only to get a filling in one tooth untill I suffered cavity and I have much problems from the Prison conditions for my mental, and phsical, Dental and eye sight with my Depression, schizophrenia, and PtsD, and Anxiety all this should empower the court to give me a sentence reduction. Plz (See Attached Exhibits)

## ✳. Conclusion :—

I do meet a strong requirement for "extraordinary and compelling reasons" warranting compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A). My sentence of 24-year is substantially longer than comparable sentences of Prisoners with similar crimes including violent offenders with criminal History. Upon release, I would be deported to Jordan, be gainfully employed, complete college, and have access to appropriate medical treatment. I respectfully ask the court to give me back what remains of my life by reducing my sentence to time served. — Respectfully submitted —

Dated: Sep 23, 2024

Hosam Smadi #39482-177
U.S.P Allenwood — MHU
P.O.Box 3000
White Deer, PA 17887

## ( Attached Exhibits ) :-

* • "Exhibit A" :    Medical Records    ( Page 1 of 5 ) .

* • "Exhibit B" :    Educational Records ( Page 1 of 8 ) .

* • "Exhibit C" : Compassion Release Notice to Warden ( Page 1 - 1 ) .

* • "Exhibit D" : Security Points & Classification   ( Page 1 of 3 ) .

* • "Exhibit E" : Sentencing Memo In Support
            With the Proper Applicable U.S.S.G's   ( Page 1 of 6 ) .
            Guideline w Case Laws In Support

* • "Exhibit F" : My Patent & Intellectual Property    ( Page 1 of 2 )
            In the Canada office for Energy;
            Space Technology and others :

* • "Exhibit G" : More Case Laws In Support of    ( Page 1 of 7 )
            the Proper U.S.S.G/Guideline
            In this case .


## ⸨ "Certificate of Service" ⸩

    I, Hosam Smadi, certify that on this day Monday 23th
of September 2024, I have mailed this legal motion under
§3582 for Compassion release and Extraordinary Reasons with
the attached exhibits using certified 1st class mail to the
clerk of the U.S Dist court for the No. of Texas, Dallas Div
to be Posted on the electronic system.

                                                #39482-177
Monday 23th of Sep 2024            Hosam Smadi
    Hosam Smadi                    U.S.P — MHU Allenwood
                                   P.O.Box 3000
                                   White Deer, PA 17887

                ( 28 of 27
                  Last Page
                  Attachement )



Hosam Smadi,
U.S.P Allenwood — MHU
P.O. Box 3000
White Deer, PA 17887

Plz Track
Confirm

7016 1370 0002 2933 3234

Plz Track
and confirm
Delivery

RECEIVED

OCT - 1 2024

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Retail

75242

RDC 99

(U.S.A V. Hosam Smadi)    — North Dist of Texas —

(Case No. 3:09-CR-294-M-01)    To: Clerk of the Court
United States Dist Court
Legal Mail    1100 Commerce St.
Court Mail    Room 1452 —
Dallas, Texas 75242

overpaid
$10.95

Legal Mail
Court Mail

SEP 2 4 2024

Sent Sep 23, 2024

