U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT - 1 2024

CLERK, U.S. DISTRICT COURT
By_____
Deputy

In The United States Dist Court
Northern Dist of Texas
Dallas Division

United States of America,   — Criminal Case # 3:09-cr-294 M-01 VND

v.

Hosam Smadi,   ~ Judge Barbara M. G. Lynn ~

Memorandum of Law In Support of Motion to Reduce
Sentence Pursuant To 18 U.S.C. 3582(c)(1)(A)(i)

Menu of the Motion and Table of Authority

— (Page 1-4) Introduction And Extraordinary Reasons.

— (Page 5-7) Factual BackGround And Legal Info.

— (Page 8-9) Argument And Statory Rights.

— (Page 9-10) Courts Regularly Grant Compassion Release when Defendants are Subject to Shorter Sentence Today.

— (Page 11-12) Courts Reduce sentences For Disparties.

— (Page 12-16) Extraordinary Reasons And Disporoportion.

— (Page 16-19) Extraordinary Reasons And change of the Law.

— (Page 20-22) My Qualifications Under 3553(a); With Similar Terrorism Cases of More Bad conduct.

— (Page 22-27) More Qualifications; 3553(a) And (3B1.13); & + Medical conditions

— (Page 27-27) Conclusion.

— (Attachement) Exhibits And certificate of Svs.

— Front Page —; (1 of 2).

## Table of Authorities

- United States v. Jean, (No. 23-40463) (5th Cir Court of Appeals, July 2024)
- Molina-Martinez v. United States, 136 S. Ct. 1338 (2016).
- Peugh v. United States, 569 U.S 530 (2013).
- Alleyne v. United States, 570 U.S 99 (2013).
- Rosales-Mireles v. United States 138 S. Ct. 1897 (2018).
- Buck v. Davis, 580 U.S (2017)
- Griffith v. United States, 871 F.3d 1321 (11th Cir, 2017)
- United States v. Aref, 2007 U.S. Dist. Lexis 17919, (N.D.N.Y, March 14, 2007).
- United States v. Wright, 2012 U.S. Dist. Lexis 162592, (E. Ohio, Nov 14, 2012).
- United States v. Wright, 2014 U.S. App. Lexis 5736 (6th Cir March 28, 2014).
- Babb v. United States, ELH-04-0190, Lexis 105829 (D. MD. June 4, 2021)
- Kimbrough v. United States, 552 U.S. 85, 128 S. Ct. 558, 169 L.Ed. 2d — 481 (2007).
- [United States v. Adeyemi], 470 F. Supp. 3d 489 (E.D. Pa. 2020).
- United States v. Alhaggagi, 372 F. Supp. 3d 1005 (N.D. Cal. 2019)
- United States v. Shkambi, 993 F. 3d 388 (5th Cir. 2021).
- United States v. Amina Farah Ali, 10-187(01)(MJD), Lexis 73320 (Minn April 16 2021).
- United States v. Bary, No 98-CR-1023(LAK) (S.D.N.Y)(Oct 7 2020).
- United States v. Brown, 457 F. Supp. 3d 691 (S.D. Iowa 2020).
- United States v. Dais, 482 F. Supp. 3d 800 (E.D. Wis. 2020)
- United States v. Hanafi, 460 F. Supp. 3d 502 (S.D.N.Y. 2020) (EL-Hanafi).
- United States v. Hassoun, 470 F. Supp. 3d 804 (N.D. Ill. 2020).
- United States v. Haynes, 456 F. Supp. 3d 496 (E.D.N.Y. 2020).
- United States v. McCoy, 981 F.3d 271 (4th Cir. 2020).
- United States v. McDonell, 513 F. Supp. 3d 752 (E.D. Mich. 2021)
- United States v. Muhammad, 20-7520, Lexis 31582 (4th Cir, Oct 20, 2021).
- United States v. Payton, PJM 06-341, Lexis 46804 (D. Md. March 10, 2021)
- United States v. Rana, 09 CR 830-8, Lexis 208638 (N.D. Ill. June 4, 2020)
- United States v. Redd, 444 F. Supp. 3d 717 (E.D. Va. 2020).
- United States v. Reyes-Hernandez, 624 F.3d 405 (7th Cir. 2010)
- United States v. Robles, Lexis 150046 (S.D.N.Y, August 10, 2021).
- United States v. Wilkerson, 5:96-CR-107-1H, Lexis 52048 (E.D.N.C, March-19, of 2021).
- United States v. Hasanoff, 10-cr-162, Lexis 199816 (S.D.N.Y, Oct 27, 2020)

**Bureau of Prisons**
**Health Services**
**Clinical Encounter**

| | | | | |
|---|---|---|---|---|
| Inmate Name: | SMADI, HOSAM MAHER HUSEIN | | Reg #: | 39482-177 |
| Date of Birth: | 06/05/1990 | Sex: M   Race: WHITE | Facility: | ALP |
| Encounter Date: | 04/05/2024 13:24 | Provider: Ackley, Charles (MOUD) | Unit: | D01 |

Chronic Care - Chronic Care Clinic encounter performed at Housing Unit.

**SUBJECTIVE:**

COMPLAINT 1          Provider:  Ackley, Charles (MOUD) DO

Chief Complaint:   Chronic Care Clinic

Subjective:     The patient was seen in the housing unit for chronic care.  The patient was seen at the cell door due to security issues.
1.  Mental health, the patient has a history of schizotypical personality disorder, paranoid personality disorder, and anxiety state.  He is currently only on buspirone 5 mg twice daily.  He is followed closely by psychiatry, and because of the complex issue of these diagnoses I will continue to our psychiatric experts for continued treatment.
2.  General, urologic versus pelvic.  The patient is undergone Left inguinal hernia repair in 2015.  Since that time he has had continual complaints of left sided groin pain.  It was noted that postoperatively he has had a good result.  Both before and after he had had chronic other urologic complaints which were felt to be atypical prostatitis Versus BPH with obstruction.  He has also undergone cystoscopy, showing obstruction from medium bar and the patient had a tight bladder neck.  He had been treated with a number of different medications which included doxycycline, tamsulosin, ciprofloxacin, trimethoprim-sulfamethoxazole, terazosin and oxybutynin.  The patient stated that he had an abscess at his upper leg near the scrotal area which she treated with "cupping" and lanced his legs and then was treated with amoxicillin, and TMP-SMX.  I do not have a record of this.  It is difficult to say with any certainty that there was any infection present.  I asked for Augmentin today, but I explained that in the absence of a true known infection I would not treat until I was certain that there was a need for this.  We will wait until he completes his MRI and then get the appropriate specialty involved if indicated.
The patient denies chest pain, shortness of breath, abdominal pain.

**Pain:**          Yes

**Pain Assessment**

| | |
|---|---|
| Date: | 04/05/2024 13:32 |
| Location: | Scrotum |
| Quality of Pain: | Aching |
| Pain Scale: | 2 |
| Intervention: | To be determined |
| Trauma Date/Year: | |
| Injury: | |
| Mechanism: | |
| Onset: | 5+ Years |
| Duration: | 5+ Years |
| Exacerbating Factors: | Complicated history, see note, status post left hernia repair, patient feels abscess versus retained object, None seen on previous imaging |
| Relieving Factors: | None |
| Reason Not Done: | |
| Comments: | New MRI order to try to ascertain etiology |

**Seen for clinic(s):** General, Mental Health

| | | | | | |
|---|---|---|---|---|---|
| Inmate Name: | SMADI, HOSAM MAHER HUSEIN | | | Reg #: | 39482-177 |
| Date of Birth: | 06/05/1990 | Sex: M | Race: WHITE | Facility: | ALP |
| Encounter Date: | 04/05/2024 13:24 | Provider: | Ackley, Charles (MOUD) | Unit: | D01 |

## OBJECTIVE:

### Exam Comments

Patient allergies, sensitivities and other reactions were reviewed and needed updates applied during this visit. See Chart: Allergies for most recent patient allergy list.

The patient was seen at the cell door. He appears to be awake, alert, well-hydrated, well-nourished, in no acute distress. He has no obvious abnormalities present. There were no focal abnormalities noted. The patient had no psychomotor agitation or retardation present.

## ASSESSMENT:

Anxiety state, unspecified, 300.00 - Current

Schizotypal Personality Disorder, F21*b - Current

Chronic prostatitis, 601.1 - Current

Unspecified general medical examination, V70.9 - Current

## PLAN:

Schedule:

| Activity | Date Scheduled | Scheduled Provider |
|---|---|---|
| Chronic Care Visit | 03/21/2025 00:00 | Physician 01 |
| cc MH, GU | | |

**Disposition:**

Follow-up at Sick Call as Needed

Follow-up at Chronic Care Clinic as Needed

**Patient Education Topics:**

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
|---|---|---|---|---|
| 04/05/2024 | Counseling | Access to Care | Ackley, Charles | Verbalizes Understanding |

**Copay Required:** No          **Cosign Required:** No

**Telephone/Verbal Order:** No

Completed by Ackley, Charles (MOUD) DO on 04/05/2024 13:36

EXHIBIT A(a)
------------

Bureau of Prisons
Health Services
Health Problems

**Reg #: 39482-177**  **Inmate Name: SMADI, HOSAM MAHER**

| Type | Description | ICD | Diagnosed Date | Status | Status Date | Comments |
|---|---|---|---|---|---|---|
| Chronic | Axis I: Chronic undifferentiated schizophrenia | 295.6 | 04/14/2010 | Current | 04/14/2010 | |
| Chronic | Axis I: Depressive DO, not elsewhere classified | 311 | 03/18/2010 | Current | 03/18/2010 | |
| Chronic | Axis IV: Psychosocial and environmental problems | Axis IV | 03/18/2010 | Current | 03/18/2010 | |
| Chronic | Axis V: GAF 31 - 50 | G2 | 03/18/2010 | Current | 03/18/2010 | |
| Temporary/Acute | Axis I: Generalized anxiety disorder | 300.02 | 07/26/2010 | Current | 07/26/2010 | |
| Temporary/Acute | Axis II: Deferred | Axis II: | 03/18/2010 | Current | 03/18/2010 | |
| Temporary/Acute | Headache | 784.0 | 03/18/2010 | Current | 03/18/2010 | |
| Temporary/Acute | Other unsatisfactory restoration of existing tooth | 525.69 | 03/04/2010 | Current | 03/04/2010 | |
| Temporary/Acute | Unspec local infection of skin and subcutan tissue | 686.9 | 10/21/2009 | Current | 10/21/2009 | |

Total: 9

Generated 07/30/2010 09:40 by Crow, Scott RN                    Bureau of Prisons - SEA

Exh A 3-5

**Bureau of Prisons**
**Health Services**
**Health Problems**

"Exh A" (3 of 5)

EXHIBIT A (a)

---

Reg #: 39482-177                    Inmate Name: SMADI, HOSAM MAHER HUSEIN

| Description | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| **Current** | | | | | | |
| **Anxiety state, unspecified** | | | | | | |
| 10/04/2017 15:25 EST  Arriola, Lemuel MD | I | ICD-9 | 300.00 | 10/08/2013 | Current | 09/15/2016 |
|   not improved | | | | | | |
| 03/09/2017 14:19 EST  Brooks, Leslee PA-C | I | ICD-9 | 300.00 | 10/08/2013 | Current | 09/15/2016 |
| 09/15/2016 14:40 EST  Pass, Randall MD/CD | I | ICD-9 | 300.00 | 10/08/2013 | Current | 09/15/2016 |
|   doing well on citalopram | | | | | | |
| 02/23/2016 07:20 EST  SYSTEM | I | ICD-9 | 300.00 | 10/08/2013 | Resolved | 11/16/2015 |
|   Remission. | | | | | | |
| 11/16/2015 15:14 EST  Munneke, J. Psy.D. CH PSYCH | I | ICD-9 | 300.00 | 10/08/2013 | Remission | 11/16/2015 |
|   Remission. | | | | | | |
| 10/08/2013 15:26 EST  Gonzalez, J. MD | I | ICD-9 | 300.00 | 10/08/2013 | Current | 10/08/2013 |
| **Depressive DO, not elsewhere classified** | | | | | | |
| 10/04/2017 15:26 EST  Arriola, Lemuel MD | I | ICD-9 | 311 | 03/18/2010 | Current | 10/04/2017 |
|   at treatment goal | | | | | | |
| 09/15/2015 15:10 EST  Munneke, J. Psy.D. CH PSYCH | I | ICD-9 | 311 | 03/18/2010 | Remission | 09/15/2015 |
|   Remission. | | | | | | |
| 03/18/2010 12:47 EST  Camarines, A. MLP | III | ICD-9 | 311 | 03/18/2010 | Current | 03/18/2010 |
| **Myopia** | | | | | | |
| 03/06/2013 15:14 EST  Radaneata, Christian OD | III | ICD-9 | 367.1 | 03/06/2013 | Current | 03/06/2013 |
| **Dental caries, unspecified** | | | | | | |
| 10/20/2010 16:03 EST  Lewis-Baker, T. DDS | III | ICD-9 | 521.00 | 10/20/2010 | Current | 10/20/2010 |
| **Unsatisfactory restoration of existing tooth** | | | | | | |
| 03/04/2010 14:34 EST  Lewis-Baker, T. DDS | III | ICD-9 | 525.69 | 03/04/2010 | Current | 03/04/2010 |
| **Trigonitis** | | | | | | |
| 07/24/2015 15:03 EST  Daugherty, Genevieve PA-C | III | ICD-9 | 595.3 | 07/24/2015 | Current | 07/24/2015 |
| **Deferred** | | | | | | |
| 05/25/2011 15:42 EST  Rodos, J D.O. | III | ICD-9 | Axis II: | 05/25/2011 | Current | 05/25/2011 |

---

Reg #: 39482-177                    Inmate Name: SMADI, HOSAM MAHER HUSEIN

| Description | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| **Deferred** | | | | | | |
| 03/18/2010 12:47 EST  Camarines, A. MLP | III | ICD-9 | Axis II: | 03/18/2010 | Current | 03/18/2010 |
| **Psychosocial and environmental problems** | | | | | | |
| 05/25/2011 15:42 EST  Rodos, J D.O. | III | ICD-9 | Axis IV | 05/25/2011 | Current | 05/25/2011 |
| **Schizophrenia** | | | | | | |
| 10/04/2017 15:25 EST  Arriola, Lemuel MD | I | DSM-IV | F20.9 | 08/28/2017 | Current | |
|   per history | | | | | | |
| 08/28/2017 16:16 EST  Owings, Lindsay PhD/SOMP Coord | I | DSM-IV | F20.9 | 08/28/2017 | Current | |
| **Unspecified Trauma- And Stressor-Related Disorder** | | | | | | |
| 10/04/2017 15:25 EST  Arriola, Lemuel MD | I | DSM-IV | F43.9 | 10/04/2017 | Current | |
| **GAF 71 - 100** | | | | | | |
| 05/25/2011 15:42 EST  Rodos, J D.O. | III | ICD-9 | G4 | 05/25/2011 | Current | 05/25/2011 |
| **Disturbances in tooth eruption** | | | | | | |
| 05/16/2017 14:58 EST  Canty, Sarah DMD | | ICD-10 | K006 | 05/16/2017 | Current | |
| **Unspecified abdominal pain** | | | | | | |
| 07/28/2017 07:43 EST  Brooks, Leslee PA-C | | ICD-10 | R109 | 07/28/2017 | Current | |
| **Superficial injury of shoulder** | | | | | | |
| 08/11/2016 14:44 EST  Brooks, Leslee PA-C | | ICD-10 | S40919 | 08/11/2016 | Current | |
| **Unspecified general medical examination** | | | | | | |
| 03/20/2015 11:17 EST  Daugherty, Genevieve PA-C | III | ICD-9 | V70.9 | 03/20/2015 | Current | 03/20/2015 |
| **Encounter for general adult medical exam without abnormal findings** | | | | | | |
| 06/10/2016 09:01 EST  Castillo, Fernando MLP | | ICD-10 | Z0000 | 06/10/2016 | Current | |
| **Adult Antisocial Behavior** | | | | | | |
| 11/16/2015 15:28 EST  Munneke, J. Psy.D. CH PSYCH | I | DSM-IV | Z72.811 | 2011 | Current | 11/16/2015 |
|   Pattern of rule violations & disruptive behavior. | | | | | | |
| 11/16/2015 15:25 EST  Munneke, J. Psy.D. CH PSYCH | I | DSM-IV | Z72.811 | 2011 | Current | 11/16/2015 |
|   Pattern of rule violations & disruptive behavior. | | | | | | |

*Exh A (4-5)*

| | | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|---|
| Reg #: 39482-177 | Inmate Name:  SMADI, HOSAM MAHER HUSEIN | | | | | | |

| Description | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| 11/16/2015 15:14 EST  Munneke, J. Psy.D. CH PSYCH | I | DSM-IV | Z72.811 | | 2011 Current | 11/16/2015 |

*"EXH A" (4 of 5)*

**Chronic undifferentiated schizophrenia**

| Description | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| 09/15/2015 14:55 EST  Munneke, J. Psy.D. CH PSYCH | I | ICD-9 | 295.6 | 04/14/2010 Remission | | 09/15/2015 |
| Remission. | | | | | | |
| 04/14/2010 14:42 EST  Duckworth, A. MD | III | ICD-9 | 295.6 | 04/14/2010 Current | | 04/14/2010 |

**Major depressive disorder**

| | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| 09/15/2015 14:55 EST  Munneke, J. Psy.D. CH PSYCH | I | ICD-9 | 296.2 | 05/25/2011 Remission | | 09/15/2015 |
| Remission | | | | | | |
| 05/25/2011 15:42 EST  Rodos, J D.O. | III | ICD-9 | 296.2 | 05/25/2011 Current | | 05/25/2011 |

**Lipoma of other specified sites**

| | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| 09/15/2016 14:40 EST  Pass, Randall MD/CD | III | ICD-9 | 214.8 | 10/02/2015 Resolved | | 09/15/2016 |
| 10/02/2015 10:59 EST  Castillo, Fernando MLP | III | ICD-9 | 214.8 | 10/02/2015 Current | | 10/02/2015 |

**Generalized anxiety disorder**

| | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| 02/23/2016 07:20 EST  SYSTEM | I | ICD-9 | 300.02 | 07/26/2010 Resolved | | 09/15/2015 |
| Better accounted for by Anxiety Disorder NOS/Anxiety State Unspecified. | | | | | | |
| 09/15/2015 15:01 EST  Munneke, J. Psy.D. CH PSYCH | I | ICD-9 | 300.02 | 07/26/2010 Resolved | | 09/15/2015 |
| Better accounted for by Anxiety Disorder NOS/Anxiety State Unspecified. | | | | | | |
| 07/26/2010 15:59 EST  Duckworth, A. MD | III | ICD-9 | 300.02 | 07/26/2010 Current | | 07/26/2010 |
| Anxiety for the upcoming trial. | | | | | | |

**Drug dependence NOS**

| | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| 02/23/2016 07:20 EST  SYSTEM | I | ICD-9 | 304.9 | 05/25/2011 Resolved | | 05/25/2011 |
| 05/25/2011 15:42 EST  Rodos, J D.O. | III | ICD-9 | 304.9 | 05/25/2011 Remission | | 05/25/2011 |

**Hunger Strike**

| | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| 01/09/2017 09:02 EST  Pass, Randall MD/CD | III | ICD-9 | 307.59 | 01/02/2017 Resolved | | 01/09/2017 |
| began eating 1/6/17 | | | | | | |
| 01/05/2017 15:06 EST  Harbison, Elizabeth AHSA/FNP | III | ICD-9 | 307.59 | 01/02/2017 Current | | 01/05/2017 |
| 03/06/2016 21:09 EST  Pass, Randall MD/CD | III | ICD-9 | 307.59 | 02/13/2013 Remission | | 03/06/2016 |
| 12/21/2015 17:05 EST  Pass, Randall MD/CD | III | ICD-9 | 307.59 | 02/13/2013 Current | | 12/21/2015 |
| 09/15/2015 14:55 EST  Munneke, J. Psy.D. CH PSYCH | III | ICD-9 | 307.59 | 02/13/2013 Resolved | | 09/15/2015 |
| Resolved. | | | | | | |

---

| Reg #: 39482-177 | Inmate Name:  SMADI, HOSAM MAHER HUSEIN |
|---|---|

| Description | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| 04/17/2015 09:01 EST  Daugherty, Genevieve PA-C | III | ICD-9 | 307.59 | 02/13/2013 Current | | 04/17/2015 |
| 01/22/2015 09:56 EST  Daugherty, Genevieve PA-C | III | ICD-9 | 307.59 | 02/13/2013 Resolved | | 01/22/2015 |
| 12/30/2014 11:22 EST  Daugherty, Genevieve PA-C | III | ICD-9 | 307.59 | 02/13/2013 Current | | 12/30/2014 |
| 12/02/2013 09:44 EST  Wilson, William E. MD/CD | III | ICD-9 | 307.59 | 02/13/2013 Resolved | | 12/02/2013 |
| 02/13/2013 14:46 EST  Bailey, T. MD | III | ICD-9 | 307.59 | 02/13/2013 Current | | 02/13/2013 |

**External hemorrhoids without mention of comp**

| | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| 09/15/2016 14:40 EST  Pass, Randall MD/CD | III | ICD-9 | 455.3 | 03/03/2011 Resolved | | 09/15/2016 |
| 03/03/2011 10:09 EST  Paul-Blanc, Yves MLP | III | ICD-9 | 455.3 | 03/03/2011 Current | | 03/03/2011 |

**Allergic rhinitis, cause unspecified**

| | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| 09/15/2016 14:40 EST  Pass, Randall MD/CD | III | ICD-9 | 477.9 | 03/03/2011 Resolved | | 09/15/2016 |
| 03/03/2011 10:09 EST  Paul-Blanc, Yves MLP | III | ICD-9 | 477.9 | 03/03/2011 Current | | 03/03/2011 |

**Cracked tooth - nontraumatic**

| | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| 02/23/2016 07:20 EST  SYSTEM | III | ICD-9 | 521.81 | 06/16/2011 Resolved | | |
| 06/16/2011 12:53 EST  Shepherd, Doug DMD | III | ICD-9 | 521.81 | 06/16/2011 | | |

**Disease of hard tissues of teeth, other**

| | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| 02/23/2016 07:20 EST  SYSTEM | III | ICD-9 | 521.89 | 03/10/2011 Resolved | | |
| 03/10/2011 12:45 EST  Shepherd, Doug DMD | III | ICD-9 | 521.89 | 03/10/2011 | | |

**Incisional hernia, with obstruction**

| | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| 02/23/2016 07:20 EST  SYSTEM | III | ICD-9 | 552.21 | 05/22/2012 Resolved | | 10/09/2013 |
| 10/09/2013 14:22 EST  Bailey, T. MD | III | ICD-9 | 552.21 | 05/22/2012 Resolved | | 10/09/2013 |
| 05/22/2012 10:54 EST  Paul-Blanc, Yves MLP | III | ICD-9 | 552.21 | 05/22/2012 Current | | 05/22/2012 |

**Acute prostatitis**

| | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| 12/22/2016 15:01 EST  Brooks, Leslee PA-C | III | ICD-9 | 601.0 | 04/16/2014 Resolved | | 12/22/2016 |
| 04/16/2014 15:20 EST  Bailey, T. MD | III | ICD-9 | 601.0 | 04/16/2014 Current | | 04/16/2014 |

**Chronic prostatitis**

| | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| 12/22/2016 15:01 EST  Brooks, Leslee PA-C | III | ICD-9 | 601.1 | 10/16/2014 Resolved | | 12/22/2016 |
| 10/16/2014 15:49 EST  Bailey, T. MD | III | ICD-9 | 601.1 | 10/16/2014 Current | | 10/16/2014 |

**Unspec local infection of skin and subcutan tissue**

| | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| 02/23/2016 07:20 EST  SYSTEM | III | ICD-9 | 686.9 | 10/21/2009 Resolved | | 02/09/2016 |
| 02/09/2016 11:55 EST  Castillo, Fernando MLP | III | ICD-9 | 686.9 | 10/21/2009 Resolved | | 02/09/2016 |
| 10/21/2009 09:58 EST  Frando, J. MLP | III | ICD-9 | 686.9 | 10/21/2009 Current | | 10/21/2009 |

**Low back pain, lumbago**

| | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| 12/22/2016 15:01 EST  Brooks, Leslee PA-C | III | ICD-9 | 724.2 | 12/18/2013 Resolved | | 12/22/2016 |
| 01/22/2015 09:56 EST  Daugherty, Genevieve PA-C | III | ICD-9 | 724.2 | 12/18/2013 Current | | 01/22/2015 |

"Exh A" (5-5)

Reg #: 39482-177          Inmate Name: SMADI, HOSAM MAHER HUSEIN

| Description | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| 12/18/2013 12:25 EST  Bailey, T. MD | III | ICD-9 | 724.2 | 12/18/2013 | Remission | 12/18/2013 |
| **Headache** | | | | | | |
| 12/22/2016 15:01 EST  Brooks, Leslee PA-C | III | ICD-9 | 784.0 | 03/18/2010 | Resolved | 12/22/2016 |
| 03/18/2010 12:52 EST  Camarines, A. MLP | III | ICD-9 | 784.0 | 03/18/2010 | Current | 03/18/2010 |
| **Dysuria** | | | | | | |
| 12/22/2016 15:01 EST  Brooks, Leslee PA-C | III | ICD-9 | 788.1 | 04/17/2015 | Resolved | 12/22/2016 |
| 04/17/2015 09:01 EST  Daugherty, Genevieve PA-C | III | ICD-9 | 788.1 | 04/17/2015 | Current | 04/17/2015 |
| **Urinary frequency** | | | | | | |
| 12/22/2016 15:01 EST  Brooks, Leslee PA-C | III | ICD-9 | 788.41 | 07/24/2015 | Resolved | 12/22/2016 |
| 07/24/2015 15:03 EST  Daugherty, Genevieve PA-C | III | ICD-9 | 788.41 | 07/24/2015 | Current | 07/24/2015 |
| **Other abnormal glucose** | | | | | | |
| 03/06/2016 21:09 EST  Pass, Randall MD/CD | III | ICD-9 | 790.29 | 07/30/2013 | Resolved | 03/06/2016 |
| sugar 92 in 2016 | | | | | | |
| 07/30/2013 10:11 EST  Blila, Christopher FNP-C | III | ICD-9 | 790.29 | 07/30/2013 | Current | 07/30/2013 |
| fasting FSBS 125. | | | | | | |
| **Psychosocial and environmental problems** | | | | | | |
| 02/23/2016 17:09 EST  SYSTEM | IV | ICD-9 | Axis IV | 03/18/2010 | Resolved | 11/16/2015 |
| The inmates adjustment to this institution has been satisfactory. | | | | | | |
| 11/16/2015 15:14 EST  Munneke, J. Psy.D. CH PSYCH | IV | ICD-9 | Axis IV | 03/18/2010 | Resolved | 11/16/2015 |
| The inmates adjustment to this institution has been satisfactory. | | | | | | |
| 03/18/2010 12:47 EST  Camarines, A. MLP | III | ICD-9 | Axis IV | 03/18/2010 | Current | 03/18/2010 |
| **GAF 31 - 50** | | | | | | |
| 02/23/2016 07:20 EST  SYSTEM | V | ICD-9 | G2 | 03/18/2010 | Resolved | 11/16/2015 |
| Resolved. | | | | | | |
| 11/16/2015 15:14 EST  Munneke, J. Psy.D. CH PSYCH | V | ICD-9 | G2 | 03/18/2010 | Resolved | 11/16/2015 |
| Resolved. | | | | | | |
| 03/18/2010 12:47 EST  Camarines, A. MLP | III | ICD-9 | G2 | 03/18/2010 | Current | 03/18/2010 |
| **Conjunctivitis** | | | | | | |
| 12/22/2016 15:01 EST  Brooks, Leslee PA-C | | ICD-10 | H109 | 07/12/2016 | Resolved | 12/22/2016 |
| 07/12/2016 14:20 EST  Brooks, Leslee PA-C | | ICD-10 | H109 | 07/12/2016 | Current | |
| **Unspecified follow-up examination** | | | | | | |
| 12/22/2016 15:01 EST  Brooks, Leslee PA-C | III | ICD-9 | V67.9 | 08/29/2012 | Resolved | 12/22/2016 |
| Hunger strike | | | | | | |
| 08/29/2012 14:59 EST  Blila, Christopher FNP-C | III | ICD-9 | V67.9 | 08/29/2012 | Current | 08/29/2012 |
| Hunger strike | | | | | | |

("Exh A" (5-5))

Reg #: 39482-177          Inmate Name: SMADI, HOSAM MAHER HUSEIN

| Description | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| **Gen psych exam, see health prob list** | | | | | | |
| 02/23/2016 07:20 EST  SYSTEM | III | ICD-9 | V70.2 | 05/25/2011 | Resolved | 11/16/2015 |
| CARE1-MH | | | | | | |
| 11/16/2015 15:14 EST  Munneke, J. Psy.D. CH PSYCH | III | ICD-9 | V70.2 | 05/25/2011 | Resolved | 11/16/2015 |
| CARE1-MH | | | | | | |
| 05/25/2011 15:42 EST  Rodos, J D.O. | III | ICD-9 | V70.2 | 05/25/2011 | Current | 05/25/2011 |
| **Other medical exam for administrative purposes** | | | | | | |
| 02/23/2016 07:20 EST  SYSTEM | III | ICD-9 | V70.3 | 02/22/2012 | Resolved | 02/22/2012 |
| 02/22/2012 15:08 EST  Tabor, Timothy PA-C | III | ICD-9 | V70.3 | 02/22/2012 | Resolved | 02/22/2012 |
| **Observation for other spec suspected conditions** | | | | | | |
| 12/22/2016 15:01 EST  Brooks, Leslee PA-C | III | ICD-9 | V71.89 | 01/15/2016 | Resolved | 12/22/2016 |
| 01/15/2016 10:03 EST  Castillo, Fernando MLP | III | ICD-9 | V71.89 | 01/15/2016 | Current | 01/15/2016 |

Total: 45

"Exh B" (1 of 8)

"Exh B" (1-8) — My GED cert.

"Exh B" Page 1 of 8



# Office of the State Superintendent of Education

This Certifies That

## HOSAM SMADI

having satisfactorily completed the Tests of General Educational Development

with scores comparable to those of high school graduates,

is hereby awarded this

## High School Equivalency Credential

and is entitled to all the Rights and Privileges appertaining thereto.

In witness whereof our names are hereto affixed, this the

28th Day of February, 2024

Christina Grant, Ed.D.
Acting State Superintendent of Education

Antoinette S. Mitchell, Ph.D.
Assistant Superintendent
Postsecondary and Career Education

Philip L. PremDas
GED Administrator



District of Columbia
Office of the State
Superintendent of Education



GOVERNMENT OF THE DISTRICT OF COLUMBIA
MURIEL BOWSER, MAYOR



(1 of 8)

*"Exh B" (2 of 8)*

*"Exh B" (2-8)*

# G·E·D

TESTING SERVICE®

# OFFICIAL GED® TRANSCRIPT

Issued under the auspices of GED Testing Service as of **03/08/2024**

Christopher "CT" Hemingway-Turner
Vice President

*My GED Score*

## CANDIDATE INFORMATION

**LAST NAME:** SMADI

**ADDRESS:** PO Box 3500

**CITY:** White Deer

**ID NUMBER:** 20230710-7271-9923

**TESTING JURISDICTION:** Federal Bureau of Prisons

**FIRST NAME:** HOSAM

**MIDDLE:**

**ADDRESS2:**

**STATE:** PA

**DATE OF BIRTH:** 06/05/1990

**PASS DATE:** 02/28/2024

**POSTAL CODE:** 17887

**COUNTRY:** US

**PHONE:** 5705470963

## TEST RESULTS

Click on a test subject area or performance level for more detailed information

| | LANGUAGE | DATE | SCORE* | PERFORMANCE LEVEL | STATUS | PERCENTILE RANK |
|---|---|---|---|---|---|---|
| Social Studies | English | 10/11/2023 | 152 | GED® | PASS | 34 |
| Science | English | 07/31/2023 | 150 | GED® | PASS | 28 |
| Mathematical Reasoning | English | 02/28/2024 | 158 | GED® | PASS | 52 |
| Reasoning Through Language Arts | English | 10/11/2023 | 154 | GED® | PASS | 41 |
| | | TOTAL | 614 | | OVERALL | PASS |

To learn more about score scales and content descriptions please visit www.GED.com/life_after_ged/

## Order Additional transcripts from www.GED.com/life_after_ged/

Official transcript issued under the auspices of GED Testing Service.

GED® and GED Testing Service® are registered trademarks of the American Council on Education.
They may not be used or reproduced without the express written permission of ACE or GED Testing Service.
The GED® and GED Testing Service® brands are administered by GED Testing Service LLC under license from the American Council on Education.

Copyright ©2020 GED Testing Service LLC. All rights reserved.

*(2 of 8)*

Drug program cer.

Exh B
(3-8)

# Certificate of Achievement

## Psychology Department
## Allenwood, Pennsylvania

This Certifies that

# Hosam Maher Smadi

has satisfactorily completed the

# Non-Residential Drug Abuse Program

This certificate is hereby issued on the 24th day of April, 2024

J. Brown, Drug Treatment Specialist

"Exh B" (3-8)

(3 of 8)

```
ALPDT              *          INMATE EDUCATION DATA        *      08-26-2024
PAGE 001           *               TRANSCRIPT              *      07:11:35


REGISTER NO: 39482-177      NAME..: SMADI              FUNC: PRT
FORMAT.....: TRANSCRIPT      RSP OF: ALP-ALLENWOOD USP      "Exh B" (4-8)

-------------------------- EDUCATION INFORMATION --------------------------
FACL ASSIGNMENT DESCRIPTION                START DATE/TIME STOP DATE/TIME
ALP  ESL HAS    ENGLISH PROFICIENT         03-30-2011 1140 CURRENT
ALP  GED EARNED GED EARNED IN BOP          02-28-2024 0001 CURRENT


--------------------------- EDUCATION COURSES ---------------------------
SUB-FACL   DESCRIPTION                     START DATE STOP DATE EVNT AC LV  HRS
ALP MH     S-SERVSAFE MANAGER CERT         07-01-2024 CURRENT
ALP MH     REC PUSH PACKET MUSCLE FLEX     07-05-2024 07-19-2024  P  C  P    10
ALP MH     SMHU ENGLISH GED                07-17-2023 02-28-2024  P  C  P   143
THA CMU    D UNIT IN-CELL GED PROGRAM      06-30-2021 02-14-2022  P  W  I   153
THA CMU    ACE ALGEBRA 3 CLASS: CMU        07-26-2021 09-01-2021  P  C  P    12
THA CMU    ACE ALGEBRA 2 CLASS: CMU        06-08-2021 07-06-2021  P  C  P    12
THA CMU    ACE ALGEBRA 1 CLASS: CMU        03-29-2021 06-01-2021  P  C  P    12
THA CMU    ACE IMMUNE TROOPS CLASS         11-30-2020 12-04-2020  P  C  P     2
MAR CMU    I UNIT SELF-STUDY GED           02-25-2016 10-07-2020  P  W  I    40
MAR CMU    CRIMINAL THINKING #6            06-04-2020 06-30-2020  P  C  P    12
MAR CMU    CMU OIL PAINTING                10-15-2019 12-20-2019  P  C  P    10
MAR CMU    CMU ANATOMY CLASS               07-15-2019 09-20-2019  P  C  P    10
MAR CMU    ANGER MGMT #6                   04-03-2019 08-21-2019  P  C  P    12
MAR CMU    CMU ACRYLIC PAINTING            04-16-2019 06-14-2019  P  C  P    10
MAR CMU    COGNITIVE BEHAVIORAL THRPY #6   02-06-2019 02-27-2019  P  C  P    10
MAR CMU    CMU BEADING                     10-13-2018 12-14-2018  P  C  P    10
MAR CMU    CARD MAKING CLASS               04-10-2018 07-10-2018  P  C  P    10
MAR CMU    CARD MAKING CLASS               08-21-2017 09-25-2017  P  C  P    10
MAR CMU    CMU WATER C                     10-17-2016 06-23-2017  P  C  P    10
MAR CMU    CMU ACRYLIC PAINTING            10-17-2016 12-20-2016  P  C  P    10
MAR CMU    CMU ADV CROCHET                 10-17-2016 12-20-2016  P  C  P    10
MAR CMU    CMU OIL PAINTING                07-18-2016 09-20-2016  P  C  P    10
MAR CMU    CMU CROCHET CLASS               07-18-2016 09-20-2016  P  C  P    10
MAR CMU    CMU PAINTING CLASS              01-12-2016 03-29-2016  P  C  P    10
THA CMU    CMU ACE EUROPEAN CIV 1          07-06-2015 01-28-2016  P  C  P    12
THA CMU    D UNIT IN-CELL GED PROGRAM      11-28-2011 09-29-2015  P  W  I  1435
THA CMU    BOOK CLUB IN CMU                11-08-2014 12-12-2014  P  C  P     1
THA CMU    ANBS CLASS IN CMU               11-08-2014 12-12-2014  P  C  P     1
THA CMU    CHARCOAL CLASS IN CMU           11-08-2014 12-12-2014  P  C  P     1
THA CMU    BEGINNING CALLIGRAPHY           09-11-2013 11-24-2014  P  C  P     4
THA CMU    BASKETBALL CLASS IN CMU         07-16-2014 08-22-2014  P  C  P     1
THA CMU    CHARCOAL CLASS IN CMU           07-16-2014 08-22-2014  P  C  P     2
THA CMU    ANBS CLASS IN CMU               07-16-2014 08-22-2014  P  C  P     2
THA CMU    BOOK CLUB IN CMU                07-16-2014 08-22-2014  P  C  P     1
THA CMU    CMU ACE DECISION 2              04-22-2014 07-15-2014  P  C  P    12
THA CMU    CMU ACE PERSIAN 1               09-04-2013 12-17-2013  P  C  P    12
THA CMU    ADVANCE CALIS CLASS IN CMU      11-06-2013 12-19-2013  P  C  P     6
THA CMU    AT RISK STAFF TAUGHT NUTRITION  12-12-2013 12-19-2013  P  C  P     2
THA CMU    CALISTHENICS                    08-13-2013 08-13-2013  P  C  P     6
THA CMU    YOGA CLASS                      05-28-2013 08-13-2013  P  C  P     4

G0002      MORE PAGES TO FOLLOW . . .
```

```
  ALPDT              *      INMATE EDUCATION DATA          *    08-26-2024
PAGE 002 OF 002 *                   TRANSCRIPT            *    07:11:35


REGISTER NO: 39482-177    NAME..: SMADI               FUNC: PRT
FORMAT.....: TRANSCRIPT    RSP OF: ALP-ALLENWOOD USP
```

" Exh B"(5-8)

```
---------------------------- EDUCATION COURSES ----------------------------
SUB-FACL  DESCRIPTION                     START DATE  STOP DATE EVNT AC LV  HRS
THA CMU   CMU GOAL SET/PLAN & TIMEMANGMT 09-06-2011 12-09-2011  P  C  P    11

----------------------------- HIGH TEST SCORES ----------------------------
TEST          SUBTEST       SCORE     TEST DATE      TEST FACL    FORM    STATE
GED PRAC      LIT/ARTS      480.0    05-27-2015      THA          PC
              MATH          460.0    05-27-2015      THA          PC
              SCIENCE       350.0    05-27-2015      THA          PC
              SOC STUDY     600.0    05-27-2015      THA          PC
              WRITING       450.0    05-27-2015      THA          PC
GED 2014      RLA           154.0    10-11-2023      ALP                   DC
              SCIENCE       150.0    07-24-2023      ALP                   DC
              SOC STUDY     152.0    10-11-2023      ALP                   DC
TABE D        BATTERY         3.0    11-16-2011      THA          9
              LANGUAGE        1.8    11-16-2011      THA          9
              MATH APPL       5.0    11-16-2011      THA          9
              MATH COMP       4.4    11-16-2011      THA          9
              READING         3.2    11-16-2011      THA          9
              TOTAL MATH      4.7    11-16-2011      THA          9
TABE E1112    LANGUAGE      546.0    09-27-2023      ALP          11
              MATH          536.0    09-27-2023      ALP          11
              READING       512.0    09-27-2023      ALP          11
```

'Exh B"(5-8)

```
G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

(5 of 8)





| Individualized Needs Plan - Program Review   (Inmate Copy) | SEQUENCE: 01567142 |
|---|---|
| Dept. of Justice / Federal Bureau of Prisons | Team Date: 08-21-2024 |

Plan is for inmate: SMADI, HOSAM MAHER HUSEIN  39482-177

| | | |
|---|---|---|
| Facility: | ALP  ALLENWOOD USP | Proj. Rel. Date: 02-28-2031 |
| Name: | SMADI, HOSAM MAHER HUSEIN | Proj. Rel. Mthd: GOOD CONDUCT TIME |
| Register No.: | **39482-177** | DNA Status: THA03473 / 03-11-2011 |
| Age: | 34 | |
| Date of Birth: | 06-05-1990 | *"Exh B" (6-8)* |

### Detainers

| Detaining Agency | Remarks |
|---|---|
| ICE | POSSIBLE DEPORTATION A#97683188. |

### Pending Charges

| |
|---|
| BICE deportation |

### Inmate Photo ID Status

| |
|---|
| No photo ID - Expiration: null |

### Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| ALP | UNASSG UNT | UNASSIGNED UNT | 04-08-2024 |

### Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| ALP | ESL HAS | ENGLISH PROFICIENT | 03-30-2011 |
| ALP | GED EARNED | GED EARNED IN BOP | 02-28-2024 |

### Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| ALP | | S-SERVSAFE MANAGER CERT | 07-01-2024 | CURRENT |
| ALP MH | C | SMHU ENGLISH GED | 07-17-2023 | 02-28-2024 |
| THA CMU | W | D UNIT IN-CELL GED PROGRAM | 06-30-2021 | 02-14-2022 |
| THA CMU | C | ACE ALGEBRA 3 CLASS: CMU | 07-26-2021 | 09-01-2021 |
| THA CMU | C | ACE ALGEBRA 2 CLASS: CMU | 06-08-2021 | 07-06-2021 |
| THA CMU | C | ACE ALGEBRA 1 CLASS: CMU | 03-29-2021 | 06-01-2021 |
| THA CMU | C | ACE IMMUNE TROOPS CLASS | 11-30-2020 | 12-04-2020 |
| MAR CMU | W | I UNIT SELF-STUDY GED | 02-25-2016 | 10-07-2020 |
| MAR CMU | C | CRIMINAL THINKING #6 | 06-04-2020 | 06-30-2020 |
| MAR CMU | C | CMU OIL PAINTING | 10-15-2019 | 12-20-2019 |
| MAR CMU | C | CMU ANATOMY CLASS | 07-15-2019 | 09-20-2019 |
| MAR CMU | C | ANGER MGMT #6 | 04-03-2019 | 08-21-2019 |
| MAR CMU | C | CMU ACRYLIC PAINTING | 04-16-2019 | 06-14-2019 |
| MAR CMU | C | COGNITIVE BEHAVIORAL THRPY #6 | 02-06-2019 | 02-27-2019 |
| MAR CMU | C | CMU BEADING | 10-13-2018 | 12-14-2018 |
| MAR CMU | C | CARD MAKING CLASS | 04-10-2018 | 07-10-2018 |
| MAR CMU | C | CARD MAKING CLASS | 08-21-2017 | 09-25-2017 |
| MAR CMU | C | CMU WATER C | 10-17-2016 | 06-23-2017 |
| MAR CMU | C | CMU ACRYLIC PAINTING | 10-17-2016 | 12-20-2016 |
| MAR CMU | C | CMU ADV CROCHET | 10-17-2016 | 12-20-2016 |
| MAR CMU | C | CMU OIL PAINTING | 07-18-2016 | 09-20-2016 |
| MAR CMU | C | CMU CROCHET CLASS | 07-18-2016 | 09-20-2016 |
| MAR CMU | C | CMU PAINTING CLASS | 01-12-2016 | 03-29-2016 |
| THA CMU | C | CMU ACE EUROPEAN CIV 1 | 07-06-2015 | 01-28-2016 |
| THA CMU | W | D UNIT IN-CELL GED PROGRAM | 11-28-2011 | 09-29-2015 |
| THA CMU | C | BOOK CLUB IN CMU | 11-08-2014 | 12-12-2014 |
| THA CMU | C | ANBS CLASS IN CMU | 11-08-2014 | 12-12-2014 |
| THA CMU | C | CHARCOAL CLASS IN CMU | 11-08-2014 | 12-12-2014 |
| THA CMU | C | BEGINNING CALLIGRAPHY | 09-11-2013 | 11-24-2014 |
| THA CMU | C | BASKETBALL CLASS IN CMU | 07-16-2014 | 08-22-2014 |
| THA CMU | C | CHARCOAL CLASS IN CMU | 07-16-2014 | 08-22-2014 |
| THA CMU | C | ANBS CLASS IN CMU | 07-16-2014 | 08-22-2014 |

*(6 of 8)*

## Individualized Needs Plan - Program Review    (Inmate Copy)

Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: SMADI, HOSAM MAHER HUSEIN  39482-177

SEQUENCE: 01567142
Team Date: 08-21-2024

| SubFacl | Action | Description | Start | Stop |
|---------|--------|-------------|-------|------|
| THA CMU | C | BOOK CLUB IN CMU | 07-16-2014 | 08-22-2014 |
| THA CMU | C | CMU ACE DECISION 2 | 04-22-2014 | 07-15-2014 |
| THA CMU | C | CMU ACE PERSIAN 1 | 09-04-2013 | 12-17-2013 |
| THA CMU | C | ADVANCE CALIS CLASS IN CMU | 11-06-2013 | 12-19-2013 |
| THA CMU | C | AT RISK STAFF TAUGHT NUTRITION | 12-12-2013 | 12-19-2013 |
| THA CMU | C | CALISTHENICS | 08-13-2013 | 08-13-2013 |
| THA CMU | C | YOGA CLASS | 05-28-2013 | 08-13-2013 |
| THA CMU | C | CMU GOAL SET/PLAN & TIMEMANGMT | 09-06-2011 | 12-09-2011 |

### Discipline History (Last 6 months)

| Hearing Date | Prohibited Acts |
|--------------|-----------------|
| 01-30-2024 | 312 : BEING INSOLENT TO STAFF MEMBER |

### Current Care Assignments

| Assignment | Description | Start |
|------------|-------------|-------|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 07-08-2011 |
| CARE3-MH | CARE3-MENTAL HEALTH | 04-12-2023 |

### Current Medical Duty Status Assignments

| Assignment | Description | Start |
|------------|-------------|-------|
| C19-T NEG | COVID-19 TEST-RESULTS NEGATIVE | 10-28-2020 |
| NO PAPER | NO PAPER MEDICAL RECORD | 05-17-2011 |
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 10-07-2009 |
| YES F/S | CLEARED FOR FOOD SERVICE | 10-07-2009 |

### Current Drug Assignments

| Assignment | Description | Start |
|------------|-------------|-------|
| DAP NO INT | DRUG ABUSE PROGRAM NO INTEREST | 09-11-2015 |
| ED COMP | DRUG EDUCATION COMPLETE | 08-31-2011 |
| NR COMP | NRES DRUG TMT/COMPLETE | 04-24-2024 |

### FRP Payment Plan

| Most Recent Payment Plan |
|--------------------------|

| FRP Assignment: | COMPLT | FINANC RESP-COMPLETED | Start: 01-05-2012 |
|-----------------|--------|------------------------|--------------------|
| Inmate Decision: | **AGREED** | **$25.00** | Frequency: **QUARTERLY** |
| Payments past 6 months: | **$0.00** | | Obligation Balance: **$0.00** |

#### Financial Obligations

| No. | Type | Amount | Balance | Payable | Status |
|-----|------|--------|---------|---------|--------|
| 1 | ASSMT | $100.00 | $0.00 | IMMEDIATE | COMPLETEDZ |

*\*\* NO ADJUSTMENTS MADE IN LAST 6 MONTHS \*\**

### FRP Deposits

Trust Fund Deposits - Past 6 months:   $1,243.00        Payments commensurate ?   Y

New Payment Plan:   \*\* No data \*\*

### Current FSA Assignments

| Assignment | Description | Start |
|------------|-------------|-------|
| AWARD | EBRR INCENTIVE AWARD | 01-28-2024 |
| FTC INELIG | FTC-INELIGIBLE-REVIEWED | 11-22-2019 |
| INELIG AUT | FTC-INELIGIBLE OFF CODE - AUTO | 12-17-2019 |
| N-ANGER Y | NEED - ANGER/HOSTILITY YES | 07-07-2024 |
| N-ANTISO N | NEED - ANTISOCIAL PEERS NO | 07-07-2024 |
| N-COGNTV Y | NEED - COGNITIONS YES | 07-07-2024 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 05-30-2021 |
| N-EDUC N | NEED - EDUCATION NO | 07-07-2024 |
| N-FIN PV Y | NEED - FINANCE/POVERTY YES | 07-07-2024 |
| N-FM/PAR Y | NEED - FAMILY/PARENTING YES | 07-07-2024 |





(7 of 8)

## Individualized Needs Plan - Program Review    (Inmate Copy)

SEQUENCE: 01567142
Team Date: 08-21-2024

Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: SMADI, HOSAM MAHER HUSEIN  39482-177

| Assignment | Description | Start |
|---|---|---|
| N-M HLTH Y | NEED - MENTAL HEALTH YES | 07-07-2024 |
| N-MEDICL N | NEED - MEDICAL NO | 07-07-2024 |
| N-RLF N | NEED - REC/LEISURE/FITNESS NO | 07-07-2024 |
| N-SUB AB N | NEED - SUBSTANCE ABUSE NO | 07-07-2024 |
| N-TRAUMA Y | NEED - TRAUMA YES | 07-07-2024 |
| N-WORK Y | NEED - WORK YES | 07-07-2024 |
| R-MED | MEDIUM RISK RECIDIVISM LEVEL | 07-07-2024 |

*ExhB 8-8* (handwritten)

### Progress since last review

Since last review Smadi continues to participate in the SMHU-SD Program. Smadi Received an incident report on 01-24-2024 for being insolent to a staff member. Smadi is currently enrolled in SMHU English GED class. Financial Responsibility: COMPLETE

### Next Program Review Goals

Smadi is encouraged to continue participating in the SMHU-SD Program for the next six months. Continue to maintain clear conduct by next review. Continue enrollment in SMHU English GED class by next review. Enroll in at least two available First Step Act courses through the education/recreation/psychology departments prior to next program Review. Apply for Social Security and Birth Certificate through your unit team by asking for application.

### Long Term Goals

Smadi is encouraged to continue participating in the SMHU-SD Program for the next 12 months, 7/2025. Continue enrollment in SMHU English GED to completion, obtain a GED by 9/2025. Complete two available First Step Act course after signing up through the education/recreation/psychology departments prior to December 2024.

### RRC/HC Placement

### Comments

Financial Responsibility: COMPLETE
Finance/Poverty Need Screen Is their documentation in the PSR of any of the following? __ Any history of Bankruptcy __ No bank account _X limited assets (homestead / joint asset) __ Debts noted in Credit Report or other sources __ Tax Liabilities/back taxes __ Unpaid alimony/child support __ other indications of lack of financial management skills (specify) _____ YES __X____ NO _____ (if any of the above, check yes) If the answer is yes, the inmate has a financial/poverty skills need.



(8 - 8)

*"Exh C" (Page 1 of 1)*

TRULINCS 39482177 - SMADI, HOSAM MAHER HUSEIN - Unit: ALP-D-A    *"Exh C" (Page 1-1)*

---

FROM: USP Warden    — *Notice To Warden* —
TO: 39482177
SUBJECT: RE:***Inmate to Staff Message***
DATE: 08/06/2024 08:47:02 AM    *"Response"*

Your request does not qualify under the Compassionate Release Program Statement. You should address this directly with the court.

---

From: ~^! SMADI, ~^!HOSAM MAHER HUSEIN <39482177@inmatemessage.com>
Sent: Thursday, August 1, 2024 8:56 AM
Subject: ***Request to Staff*** SMADI, HOSAM MAHER, Reg# 39482177, ALP-D-A

To: Letter To Warden per 18 USC 3582 Request
Inmate Work Assignment: MHU

Dear Warden of Allenwood USP-MHU...

Request for sentence reduction under 18 USC 3582, due to Extraordinary Circumstances and Change of the law in my 5th Cir court..

_____

Comes Now, I,  Hosam Smadi #39482-177 moves to ask the Warden and the BOP to file a sentence reduction compassionate release on my behalf for the following reasons.

1. The United States 5th Fifth Cir Courts have just made certain changes in the law: (Jean). United States v. Jean, (No. 23-40463)(5th Cir. July 15, 2024).. Where sentencing courts have a discretion to consider non-retroactive changes in the law when combined with extraordinary reasons warranting compassionate release.

2. I pled guilty to a government sting operation/Government Made Device/Destructive Device (Explosives-Fire Materials) under the Statue for Weapons of Mass Destruction, But was sentenced using the incorrect guidelines under USSG 2M6.1 (42) for Nuclear, Bio, and Chemical weapons. Instead of my correct Guideline USSG 2K1.4 (24) for Explosives and Arson. This incorrect enhancement increased my sentence about at least 10 years and violated the sentencing factors for the nature of my offense, and my plea agreement.

3. I suffer from certain medical and mental health problems, including Schizophrenia, Personality Disorder, Depression, Mood disorder, and PTSD Trauma, among others including some General Health problems to eye sight, dental, general health, experienced a Heat Stroke in the past, and Surgical complications.

4. I have shown some good behavior, Completed certain programs, Drugs programming, obtained my GED High School Diploma, made some effort in seeking college, and engaged in serious Mental Health programming in the Mental Health Unit of the BOP.

5. I'm going to be deported back to Jordan to join my family as an illegal immigrant and to seek higher education, get married, make a family, engage in business.. My family have prepared good housing and support for me.

Please respond within 30 days per policy and statue...

_____
Thank you for consideration.
Hosam Smadi
Mental Health Unit-MHU
USP Allenwood
August 1, 2024

```
ALPDT  606.00  *      MALE CUSTODY CLASSIFICATION FORM      *      08-13-2024
PAGE 001 OF 001                  "Exh D"(1 of 3)                    14:01:15
                            (A) IDENTIFYING DATA

REG NO..: [39482-177]          FORM DATE: 08-13-2024          ORG: ALP
NAME....: SMADI, HOSAM MAHER HUSEIN
                                      MGTV: NONE
PUB SFTY: GRT SVRTY,ALIEN             MVED:
                            (B) BASE SCORING
DETAINER: (0) NONE             SEVERITY.......: (7) GREATEST
MOS REL.: 78                   CRIM HIST SCORE: (00) 0 POINTS
ESCAPES.: (0) NONE             VIOLENCE.......: (5) < 5 YRS MINOR
VOL SURR: (0) N/A              AGE CATEGORY...: (4) 25 THROUGH 35
EDUC LEV: (0) VERFD HS DEGREE/GED  DRUG/ALC ABUSE.: (0) NEVER/>5 YEARS
                            (C) CUSTODY SCORING
TIME SERVED.....: (4) 26-75%     PROG PARTICIPAT: (2) GOOD
LIVING SKILLS...: (2) GOOD       TYPE DISCIP RPT: (0) GREATEST
FREQ DISCIP RPT.: (2) 1          FAMILY/COMMUN..: (4) GOOD


                   --- LEVEL AND CUSTODY SUMMARY ---

BASE CUST VARIANCE   SEC TOTAL   SCORED LEV MGMT SEC LEVEL   CUSTODY   CONSIDER
+16   +14    +1        +17        MEDIUM       N/A             MAX       SAME


G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

(1 – 3)

**FSA Recidivism Risk Assessment (PATTERN 01.03.00)**

Register Number:39482-177, Last Name:SMADI

| U.S. DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS |
|---|---|

| | |
|---|---|
| Register Number: 39482-177 | Risk Level Inmate....: R-MED |
| Inmate Name | General Level....: R-LW (22) |
|   Last.........: SMADI |   Violent Level....: R-MED (29) |
|   First........: HOSAM MAHER | Security Level Inmate: MEDIUM |
|   Middle.......: HUSEIN | Security Level Facl..: ADMIN |
|   Suffix.......: | Responsible Facility.: ALP |
| Gender.........: MALE | Start Incarceration..: 10/19/2010 |

*Exh D Page 2 of 3*

## PATTERN Worksheet Summary

| Item | - Value | - General Score | - Violent Score |
|---|---|---|---|
| Current Age | 34 | 21 | 12 |
| Walsh w/Conviction | FALSE | 0 | 0 |
| Violent Offense (PATTERN) | TRUE | 5 | 7 |
| Criminal History Points | 0 | 0 | 0 |
| History of Escapes | 0 | 0 | 0 |
| History of Violence | 5 | 5 | 10 |
| Education Score | HighSchoolDegreeOrGED | -2 | -2 |
| Drug Program Status | NoNeed | -6 | -3 |
| All Incident Reports (120 Months) | 25 | 3 | 3 |
| Serious Incident Reports (120 Months) | 8 | 3 | 3 |
| Time Since Last Incident Report | 5 | 2 | 2 |
| Time Since Last Serious Incident Report | 28 | 0 | 0 |
| FRP Refuse | FALSE | 0 | 0 |
| Programs Completed | 9 | -9 | -3 |
| Work Programs | 0 | 0 | 0 |
| | Total | 22 | 29 |

## PATTERN Worksheet Details

Item: Programs Completed, Value: 9

General Score: -9, Violent Score: -3

Risk Item Data

| Category | - Assignment | - Start | - Stop |
|---|---|---|---|
| DRG | ED COMP | 08/31/2011 09:58 | |
| EDC | CMU GOALS | 09/06/2011 00:01 | 09/06/2011 00:01 |
| EDC | CMU PRSIA1 | 09/04/2013 11:56 | 09/04/2013 11:56 |
| EDC | CMU DESCI2 | 04/22/2014 12:57 | 04/22/2014 12:57 |
| EDC | CMUEUROCV1 | 07/06/2015 09:48 | 07/06/2015 09:48 |
| EDC | IMMUNE | 11/30/2020 13:48 | 11/30/2020 13:48 |
| EDC | ALGEBRA 1 | 03/29/2021 14:33 | 03/29/2021 14:33 |
| EDC | ALGEBRA 2 | 06/08/2021 12:04 | 06/08/2021 12:04 |
| EDC | ALGEBRA 3 | 07/26/2021 12:26 | 07/26/2021 12:26 |

**FSA Recidivism Risk Assessment (PATTERN 01.03.00)**

Register Number:39482-177, Last Name:SMADI

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

Item: Work Programs, Value: 0
General Score: 0, Violent Score: 0
Risk Item Data
  No Data

(Exh.E)
( Sentencing Memo In Support W Guideline )
(Exh E) 6 Pages (1 of 6)

TABLE OF AUTHORITIES CITED

CASES

Rosales-Mireles v. United States 138 S. Ct. 1897 (2018).

Molina-Martinez v. United States 136 S. Ct. 1338 (2016).

Alleyne v. United States 570 U.S 99 (2013).

Peugh v. United States  569 U.S 530 (2013).

Buck v. Davis 580 U.S     (2017).

United States v. Allen , Lexis 6974 (10th Cir, 2019).

United States v. Wright, Lexis 162592 (6th Cir, 2012). [E.ohio, Nov 14, 2012]

United States v. Aref , Lexis 17926, (2nd Cir, 2007). N.D.N.Y, March 14, 2012]

Griffith v. United States, 871 F.3d 1321 (11 Cir, 2017).

STATUTES AND RULES

18 USCS 844(e)(i)      .

U.S.S.G 2M6.1          .

U.S.S.G 2K1.4          .

18 U.S.C 2332a &  Application Note. 1  .

18 U.S.C 3553a     .

Rule 11 (Plea Agreements).

"Exh E" (Page 2 of 6)

This Case is the same classic repeated injustice that was experienced and tested by the Supreme Court's own rulings in the past few months and years in light of "Molina-Martinez (2016)", "Rosales-Mireles (2018)", "Alleyne (2013)", "Peugh (2013)", and "Buck (2017)".

In Molina-Martinez (2016): The Suprem Court's held that the guideline is the frame work of the case & the starting point. It's a significant plain and procedural error that can be serious to use an incorrect guideline even if the sentence fell in the correct range, the error in calculation alone is enough to show prejudice, the court must start calculation from the guideline point.    In Alleyne (2013): "Any thing increases the mandatory sentencing is an element of an offense must be proven beyond reasonable doubt". In Peugh (2013): "Again" the Supreme Court's held sentencing decisions are anchored by the guideline, the guideline can violate the Ex Post Facto, the guideline is the lodestar. Finally, In Rosales-Mireles (2018):" The Court stood strongly again"; Holding, the Court of Appeals to the same standards to consider errors that are plain and effect substantial rights, even though they are raised for the first time on appeal, because they are serious and can effect the fairness, integrity, or public reputaion of judicial proceedings, and thus will warrant relief.

Similarly & Only Recetly:"The 4th Cir held; Rule36 may serve as an appropriate vehicle for a defendant to obtain resentencing when a clerical error likely resulted in the imposition of a longer sentence than would have been imposed absent the error". "When an error is purely a clerical error in a judgment,order, or other part of the record,," the policy of finality is trumped and a court is authorized to correct the error at any time."    See - United States v. Vanderhorst, 2019 U.S App. Lexis 18886 (4thCir June 2019).

In Support :" (The 11th Cir); Recently suggested that the use of an erroneously high guideline can result in prejudice under "Strickland". See Griffith, 871 F.3d____.

— — — — — — — — — — — — — — — —

. Smadi; The Petitioner in here was unjustly sentenced using an incorrect and higher guideline with about (20) twenty levels of enhancement, the equivalent of about "10 Ten extra years in prison" even though his sentencing judge thought she was given him a downward departure for his age, mitigation, mental health, and lack of capability in the government manufactured offense and the 3 levels of downward departure for his accepting of responsibility, but in reality, Smadi benefited from nothing, Instead he has received a higher sentence with much of extra years in prison thus causing manifest injustice and extreme hardship. .

Smadi pled guilty to the attempted use of a weapon of mass destruction, specifically an inert destructive device of explosive materials that was supllied, brought and made by FBI agents in a government manufactured plot part of a sting operation. Smadi was charged under the statue of 18 U.S.C 2332a .

In, United States v. Aref, Lexis 17926 (2nd Cir 2007); The Court held": a guideline sentence for violation of "18 USC 2332a" is determined using either "USSG 2K1.4 (24: Arson, Use of Explosives), or "USSG 2M6.1 (42: Nuclear, - Biological, Radiation, and Chemical weapons)". Section "2M6.1" does not apply because the definition of weapon of mass destruction in Application Note.1 exclude the subsection of 18 U.S.C 2332a that is charged in the superseding indictment.

Likewise;"Application Note.1" of that guideline". Definitions for the purp- ose of this guideline:"Weapon of mass destruction has the meaning given that term in "18 USC 2332a(c)(2)(B)(C)and(D).
_(c)_Definitions_:
2). The term "weapon of mass destruction".
B). Any Weapon that is designed to release toxins, poison, or, chemicals.
C). Any Weapon involving a biological agent, toxin, or vector.
D). Any Weapon designed to release radiation, or dangerous radioactivity.

Further, See Federal Statue: 18 USCS 844(e)&(i): who ever maliciously damag- es, destroy, or attempt too by means of fire , or explosives any building, v- ehicle, or other real, personal, or property used in interstates commerce sh- all be imprisoned for not less than 5 years and not morethan 20years, and for threats and lesser capability a sentence of 5-10 years.

Smadi true guideline is "USSG 2K1.4 (24)" for Arson/Use of Explosives, and not; "USSG 2M6.1 (42)"for Nuclear, Biological, and Chemical weapons; Because Smadi pled guilty to the element of the"Explosive's Fire Materials", and n- ot to any thing fictional like Nuclear, Biological, and Chemical, not found any where in the case, neither by a judge or a jury, or any record.

Further, Smadi sentence under USSG 2M6.1 (42) violated "Rule 11" of the P- lea agreement as required to be advise of each element, with the applicable guideline and the mandatory minimum sentence of each count. This structured error caused breach in the defendant plea which could renders it involuntari- ly, unintelligent, and unknowing, in further violation of "Rule 11".

Smadi sentence further violated "18 USC 3553a" for sentencing factors, like the nature of the offense, with the range sentence that was availible under the guidelines. Smadi plea was for the element of the "inert explosive device" known as "Fire Materials" a base offense level of (24) in accordance of the correct guideline "USSG 2K1.4 (24; Arson & Use of explosives)", Using an in- correct and higher guideline with about (20 Levels) of enhancement under the USSG 2M6.1(42; for Nuclear; BIO, & Chemical weapons), violated all rights.

Smadi pled guilty to the "inert explosives device" known as "Fire Materials"; which goes under "USSG 2K1.4" (24 levels) for Arson & Use of Explosives. The District Court plainly erred when sentenced Smadi under the higher and incorrect guideline "USSG 2M6.1 (42 levels)" for Nuclear, Biological and Chemical weapons, with an about 20 levels of enhancement, this also violated Smadi's "Plea Agreement's Rule 11" which requires that Smadi must be aware and informed about his offense true applicable guideline and the mandatory minimum sentence he was facing.

This structure error caused a breach in the defendant plea which could renders it as unknowing, unintelligent, and involuntarily in further violation of "RULE 11", which also further violated his sentence under "18 U-SC 3553a" sentencing factors for the nature of the offense with the range and sentence that was availible under the guideline.

Smadi suffered prejudice because he did not benefit from any of the downward departures was given to him by the judge who thought her self going below the guideline in sentencing; Smadi was also given empty 3 levels of downward departures for accepting the responsibility due to the higher incorrect guideline; at the end Smadi received a higher sentence without any benefit from accepting the responsibility, or the mitigations, age, and mental health psychological & emotion downward departures granted to hat sentencing.

See. United States v. Wright, (No 1:12 CR 238), Lexis 162592 (6th Cir 2012); IX.The proposed offense level and criminal history calculation, Count.1 and, Count.2, for violation of "18 USC 2332a": USSG 2M6.1"is" titled: Unlawful activity involving nuclear materials, weapons, facilities, biological agents, chemical, toxins,....  The following is contained in Application Note.1 of that guideline: Defination for purpose of this guideline...Weapon of mass destruction has the meaning given that term in "18 USC 2332a(c)(2)(B)(C)&(D). Since the weapon involved in the instant offense does not meet any of the definations found in "18 USC 2332a(c)(2)(B)(C)&(D). USSG 2M6.1 is not applicable in this case.. USSG 2K1.4 is titled: Arson, Property damage by use of explosives, and it is the applicable guideline according to USSG 1B1.2(a); If the offense involved a Conspiracy, attempt, or Solicitation, refer to()- USSG 2X1.1 (Attempt, Solicitation, or Conspiracy); as wellthe guideline referenced in the Statutory index of the Substantive offense. USSG 2X1.1(a) - was considered, However it will result in the same base offense level as U-SSG 2K1.4, a base offense of (24).

Also, See.USSG 2K1.3 (24; Unlawful receipt, posses, or transport of any - explosives materials).

See. United States v. Wright, Lexis 5736, (6th Cir of Appeals, Dec 2013). Opinion by Cole; B.Procedural History, a downward departure on the basis of the  "inert nature of the device" and "the government role in manufacturing the device",,, Sentence range (7-11 years). Thus even were terrorism enhancement applies, departure on criminal history is warranted under "4A1.3(b)" if a criminal history category IV substantialy over represent the seriousness of the defendant's criminal history .... the court should keep in consideration the defendant charachteristic and his lack of any prior criminal history for further downward departure: See. United States v. Aref, Lexis 17-926 (2nd Cir March 2007), and United States v. Miskini , 319 F. 3d 88, 92 (-2nd Cir 2003).

*Exh. E (5 of 6)*

"Exh. E" (5 of 6)

This also show how Smadi's counsel was incompetent when he failed to object to the incorrect guideline which deprived Smadi of effective representation and was prejudice when he received a higher senetnce as a result of the serious fatal error in the court procedures. Strickland.

Smadi true base offense under the correct guideline is (24 levels) in accordance of USSG 2K1.4 (Arson, Explosives) and/or USSG 2X1.1(a) (Attempt,..) Plus + 12 levels for the terrorism enhancement, a total of 32 levels, because under the USSG 3A1.4 increase by 12 levels but if the resulting offense level is less than 32, then increase to 32 . Also the District Court will chose how to apply the terrorism enhancement with the sentencing judge findings.
Minus -3 levels for Smadi's previous accepting of responsibility downward departures, along with the Mitigation circumstances, Age, Mental Health , and lack of Capability downward departures was granted to him :

Smadi would be facing a range of (51-63 months), without of the terrorism enhancement, and a Sentence of (87-108 months) with the 12th levels of terrorism enhancement, and a Sentence of (151-188 months) with full criminal history under the terrorism enhancement, the judge will also decide how to apply the criminal history terrorism enhancement, because of Smadi's lack of any criminal history. Smadi most likely would be given a time served sentence upon resentencing, or his sentence will be cut in third at the least. Smadi is now serving a sentence of (288 months/24 years), with 100 months of exra time at the least as a result of the miscalculations..

See. Section/Page of the Constitutional And Statutory Provisions involved.

Federal Statue : 18 USCS § 844(e)&(i):  who ever maliciously damage, destroy or attempt too by means of fire, or explosives, any building, vehicle, - or other real, personal, or property used in interstates commerce shall be imprisoned for not less than 5 years  & not morethan 20 years.,and for threats and lesser capability a sentence of 5-10 years.

In, United States v. Aref, Lexis 17926 (2nd Cir 2007); a guideline sentence for violation of 18 USC 2332a is determined using either "USSG 2K1.4 (24)", or, "USSG 2M6.1 (42)". Section "2M6.1" does not apply because the definition for weapon of mass destruction in Application Note.1 exclude the subsection - of 18 USC 2332a that is charged in the superseding indictment.

*Application Note.1; Defines a weapon of mass destruction  as any weapon of radiation, nuclear, biological, chemical, or toxins.

Also, See.United States v. Wright, (No 1:12 CR 238) Lexis 162592 (6th Cir - 2012)... IX. The proposed offense level... & Criminal history calculation :
Since the Weapon involved in the instant offense does not meet the definations found in "Application Note.1", USSG 2M6.1 is not applicable in this case ....etc,  USSG 2X1.1(a) was considered because it will result in the same offense level as USSG 2K1.4, a base offense of (24).

(Page 5 of 6)

"Exh E" (6 of 6)

Further See; a Recent "10 Cir" ruling in regard to the correct guide-
line for a violation of 18 U.S.C 2332a , when involving a destructive
device; See: United States v. Allen , Lexis 6974 , (10th Cir, 2019) ;

--- --- --- --- ---- ---

The statutory index provides three guidelines applicable to convictions under § 2332a. Those guidelines are § 2A6.1 (Threatening or Harassing Communications; Hoaxes; False Liens), § 2K1.4 (Arson; Property Damage by Use of Explosives), and. § 2M6.1 (Unlawful Activity Involving Nuclear Material, Weapons, or Facilities, Biological Agents, Toxins, or Delivery Systems, Chemical Weapons, or Other Weapons of Mass Destruction; Attempt or Conspiracy).{2019 U.S. Dist. LEXIS 13} All parties agree that § 2A6.1 is inapplicable. The PSR determined that § 2M6.1 does not apply to Defendants because § 2M6.1's commentary specifically excludes destructive devices from its definition of "Weapon of mass destruction."10 Thus, by process of elimination, the PSR stated that § 2K1.4 applied.

Defendants argue that the commentary to § 2M6.1 should be disregarded because it conflicts with the text of the guideline. To support this contention, Defendants point to § 2M6.1's heading, which, after listing nuclear, biological, and chemical weapons, includes the phrase "or other weapons of mass destruction." Defendants argue that "other weapons of mass destruction" must include "destructive devices," and that limiting § 2M6.1 to crimes involving the unlawful use of nuclear, chemical, and biological substances is contrary to a plain reading of the guideline.

This is a novel issue in the Tenth Circuit, and there is little caselaw from other circuits addressing the matter. Defendants cite no cases where a court has held that § 2M6.1 applies to a crime involving a "destructive device" as defined in 18 U.S.C. § 2332a(c)(2)(A). The Government relies primarily on an unpublished opinion from the United States District Court for the Northern District of New York, in which{2019 U.S. Dist. LEXIS 14} the court concluded that § 2M6.1 is inapplicable to crimes involving "destructive devices," but did not address the alleged conflict between the text and commentary that Defendants raise here.11

Based on a plain reading of the guideline, the Court concludes that § 2M6.1's text and commentary are not in conflict. Section 2M6.1's heading mirrors with specificity the nuclear, biological, and chemical materials covered in § 2332a(c)(2)(B), (C), and (D). But the heading does not extend the same treatment to subsection (A). If the intent was for § 2M6.1 to apply to all convictions under § 2332a, it would be unusual to explicitly include nuclear, biological, and chemical materials, but omit "destructive devices" from the heading. Indeed, the most obvious conclusion is that this omission was purposeful.

More importantly, absent an irreconcilable clash between the commentary and the text, the commentary is authoritative, and it would be error for the Court to set it aside. Section 2M6.1 does not define or explain the meaning of "other weapons of mass destruction." Certainly nothing in the text requires the guideline to apply to all "destructive devices." The heading's undefined phrase "other weapons of mass destruction" is simply insufficient to create an irreconcilable clash between{2019 U.S. Dist. LEXIS 15} the text and commentary. Accordingly, the Court will follow the commentary and hold that § 2M6.1 is inapplicable here. The correct guideline is therefore § 2K1.4.



Exh F
(1 – 2)

My Registered Patents

Innovation, Sciences et
Développement économique Canada
Office de la propriété intellectuelle du Canada

50, rue Victoria
Place du Portage I
Gatineau (Québec)  K1A 0C9

http://opic.gc.ca

Innovation, Science and
Economic Development Canada
Canadian Intellectual Property Office

50 Victoria Street
Place du Portage I
Gatineau, Québec  K1A 0C9

http://cipo.gc.ca

SMADI, HOSAM MAHER HUSEIN
PO BOX 3000
WHITE DEER Pennsylvania
17887
United States of America

1 7887 3000 8099

Exh. F
(1 – 2)

POSTES
CANADA

CANADA
POST

Port payé      Postage paid
Poste-lettres   Lettermail

2327821

Canada

(1 – 2)



*Exh F: (2-2)*

| | |
|---|---|
| **Innovation, Sciences et** Développement économique Canada | **Innovation, Science and** Economic Development Canada |
| Office de la propriété intellectuelle du Canada | Canadian Intellectual Property Office |

## Courtoisie - Certificat de dépôt
## Courtesy - Filing Certificate

*( Exh F )*
*2 - 2*

SMADI, HOSAM MAHER HUSEIN
PO BOX 3000
WHITE DEER Pennsylvania
17887
United States of America

### Renseignements sur le certificat
### Certificate Details

| | |
|---|---|
| Date du certificat: Certificate Date: | 2023/08/01 |
| N° de la demande: Application N°: | **3,205,429** |
| Votre n° de référence: Your Reference N°: | |
| Date de dépôt: Filing Date: | 2023/06/29 |

| | |
|---|---|
| Demandeur(s)/Applicant(s): | SMADI, HOSAM MAHER HUSEIN |
| Inventeur(s)/Inventor(s): | SMADI, HOSAM MAHER HUSEIN |
| Titre de l'invention: | |
| Title of invention: | THE SMADI SYSTEM-THE DYNAMIC SPACE MULTI GENERATOR MAGNETIC PROPULSION S... |
| Date prévue de mise à la disponibilité du public: Expected Open-to-Public Date: | 2024/12/29 |
| Données de priorité/Priority Data: | |

Les dossiers du Bureau des brevets indiquent que le commissaire aux brevets a reçu tous les documents et les renseignements nécessaires pour que la demande de brevet obtienne une date de dépôt au titre de l'art. 28 de la *Loi sur les brevets*.

Vous devez payer une taxe annuelle pour maintenir en état votre demande de brevet pour chaque période d'une année à compter du deuxième anniversaire de la date de dépôt de votre demande.

Une demande de brevet ne sera examinée que sur demande.

Une requête d examen doit être présentée et la taxe doit être payée avant l'expiration du délai de quatre ans suivant la date de dépôt de la demande ou, dans le cas d'une demande divisionnaire, avant celle des dates ci-après qui est postérieure à l'autre: l'expiration de ce délai de quatre ans ou l'expiration du délai de trois mois suivant la date de soumission de la demande divisionnaire.

Pour de plus amples renseignements concernant ce certificat, ou pour des renseignements relatifs aux paiements des taxes pour le maintien en état, veuillez consulter le *Recueil des pratiques du Bureau des brevets* (RPBB) sur le site canada.ca/brevets ou téléphoner au 1 819 997-1950.

Patent Office records indicate that the Commissioner of Patents has received all of the documents and information for the patent application to be accorded a filing date under s.28 of the *Patent Act*.

Annual fees to maintain your patent application are required for each one-year period from the second anniversary of the filing date of the application.

A patent application will only be examined on request.

A request for examination and payment of the fee must be made before the expiry of the four-year period after the filing date of the application or, in the case of a divisional application, the later of this four-year period and the three-month period after the presentation date of the divisional application.

For more information regarding this certificate, or information relating to maintenance fee payments, please refer to the *Manual of Patent Office Practice* (MOPOP) at canada.ca/patents or phone 1-819-997-1950.

OCT146  Jan. 2021

*( 2 - 2 )*

50, rue Victoria • Place du Portage 1 • Gatineau (Québec) K1A 0C9 • www.opic.ic.gc.ca
50 Victoria Street • Place du Portage 1 • Gatineau, Québec K1A 0C9 • www.opic.ic.gc.ca

Canada

"Exh. G" (Page 1 of 7)

---

**UNITED STATES OF AMERICA, -against- YASSIN MUHIDDIN AREF and MOHAMMED
MOSHARREF HOSSAIN, Defendants.**
**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK**
**2007 U.S. Dist. LEXIS 17919**
**04-CR-402**
**March 14, 2007, Decided**
**March 14, 2007, Filed**

---

**Editorial Information: Subsequent History**

Judgment entered by United States v. Aref, 2007 U.S. Dist. LEXIS 17926 (N.D.N.Y, Mar. 14, 2007)

**Editorial Information: Prior History**

United States v. Aref, 2007 U.S. Dist. LEXIS 12228 (N.D.N.Y, Feb. 22, 2007)

The underlying offense charged in these counts is a violation of 18 U.S.C. § **2332a**, the unauthorized use of a weapon of mass destruction on a person or property within the United States. A Guideline sentence for a violation of § **2332a** is determined using either U.S.S.G. § **2K1.4** or § **2M6.1**. Section **2M6.1**, which is the higher guideline, does not apply because the definition of weapon of mass destruction in Application Note 1 excludes the subsection of § **2332a** that is charged in the Superseding Indictment.

Under U.S.S.G. § **2K1.4**, the base offense level is 24.

"Exh G" (2-7)

---

**United States of America, Plaintiff, v. Douglas L. Wright, Brandon L. Baxter and Connor C. Stevens, Defendants.**
**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION**
**2012 U.S. Dist. LEXIS 162592**
**CASE NO. 1:12 CR 238**
**November 14, 2012, Decided**
**November 14, 2012, Filed**

---

**Editorial Information: Subsequent History**

Affirmed by United States v. Wright, 747 F.3d 399, 2014 U.S. App. LEXIS 5736 (6th Cir.) (6th Cir. Ohio, Mar. 28, 2014)

**Editorial Information: Prior History**

United States v. Stevens, 2012 U.S. Dist. LEXIS 121260 (N.D. Ohio, Aug. 27, 2012)

The relevant text of 18 U.S.C. § **2332a**(a)(2)(B) and (D) provides as follows:

**(a) Offense against a national of the United States or within the United States**.-A person who, without lawful authority, uses, threatens or attempts or conspires to use, a **weapon of mass destruction**--

(1) against a national of the United States while such national is outside of the United States;

(2) against any person or property within the United States, and. . .

(B) such property is used in interstate or foreign commerce or in any **{2012 U.S. Dist. LEXIS 4}**activity that affects interstate or foreign commerce.

. . .

(D) the offense, or the results of the offense, affect interstate or foreign commerce, or, in the case of a threat, **attempt**, or conspiracy, would have affected interstate or foreign commerce;

(c) Definitions.--For purposes of this section--

. . .

(2) the term "**weapon of mass destruction**" means--(A) Any **destructive device** as defined in Section 921 of this title;

. . .

The relevant text of 18 U.S.C. § 921 provides as follows:

§ 921. Definitions

(a) As used in this chapter--

. . .

(4) The term "**destructive device**" means--

(A) any explosive, incendiary, or poison gas--

(i) bomb,

All three presentence reports contain an identical paragraph rejecting the government's position that the applicable sentencing **guideline** is **U.S.S.G.** § **2M6.1** with the following explanation:

<u>Counts 1 and 2</u>: **(A)** **U.S.S.G.** § 2A6.1 is titled "Threatening or Harassing Communication; Hoaxes; False Liens" and is not applicable in this case. **(B)** **U.S.S.G.** § **2M6.1** is titled "Unlawful Activity Involving **Nuclear** Material, Weapons, or Facilities, Biological Agents, Toxins, or Delivery Systems, Chemical Weapons, or Other Weapons of Mass Destruction; **Attempt** or Conspiracy." The following is contained in Application Note 1 of that guidelines, "<u>Definitions</u>. - For purposes of this **guideline: ... 'Weapon of mass destruction**' has the meaning given that term in 18 U.S.C. § **2332a**(c)(2)(B), (C), and (D)." Since the **weapon of mass destruction** involved in the instant offense does not meet any of the definitions found in 18 U.S.C. § **2332a**(c)(2)(B), **(C)**, and (D), **U.S.S.G.** § **2M6.1** is not applicable in this case. (C) **U.S.S.G.** § **2K1.4** is titled "arson; Property Damage by Use of **Explosives**," and it is the applicable **{2012 U.S. Dist. LEXIS 46}guideline** for Counts 1 and 2. According to **U.S.S.G.** § 1B1.2(a), "[i]f the offense involved a conspiracy, **attempt**, or solicitation, refer to § **2X1.1** (**Attempt**, Solicitation, or Conspiracy) as well as the **guideline** referenced in the Statutory Index for the substantive offense." **U.S.S.G.** § **2X1.1**(a) was considered, however, it would result in the same Base offense Level as § **2K1.4**.

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

---

**UNITED STATES OF AMERICA, Plaintiff-Appellee, v. DOUGLAS L. <u>WRIGHT</u> (12-4445), BRANDON L. BAXTER (12-4447), CONNOR C. STEVENS (12-44480, and ANTHONY M. HAYNE (12-4493), Defendants-Appellants.**
**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**
**747 F.3d 399; 2014 U.S. App. <u>LEXIS 5736</u>; 2014 FED App. 0057P (6th Cir.)**
**14a0057p.06Nos. 12-4445/4447/4448/4493**
**March 28, 2014, Decided**
**December 4, 2013, Argued**
**March 28, 2014, Filed**

---

**Editorial Information: Subsequent History**

US Supreme Court certiorari denied by Stevens v. United States, 135 S. Ct. 175, 190 L. Ed. 2d 124, 2014 U.S. LEXIS 5686 (U.S., 2014)US Supreme Court certiorari denied by Baxter v. United States, 135 S. Ct. 212, 190 L. Ed. 2d 162, 2014 U.S. LEXIS 5963 (U.S., 2014)

**Editorial Information: Prior History**

**{2014 U.S. App. LEXIS 1}**
Appeal from the United States District Court for the Northern District of Ohio at Cleveland. No. 1:12-cr-00238-David D. Dowd, Jr., District Judge.United States v. <u>Wright</u>, 2012 U.S. Dist. LEXIS 162592 (N.D. Ohio, Nov. 14, 2012)

Ultimately, the district court chose to apply substantial downward variances to all defendants' sentences pursuant to 18 U.S.C. § 3553(a). In a memorandum issued after the sentencing hearings concluded, the court explained that it had opted to vary downward on the basis of the inert nature of the explosives, the CHS's role in facilitating the offense, and various individual characteristics of the defendants. Wright was sentenced to 138 months in prison for each offense, significantly below the guidelines range, which the court calculated as 324 to 405 months. Baxter received a sentence of 117 months and Stevens 97 months, also well under the court's guidelines calculations of 262 to 327 months and 188 to 235 months, respectively. **{2014 U.S. App. LEXIS 11}**At Hayne's hearing, the court acknowledged that a 60-month minimum applied and sentenced Hayne to 72 months, down from a guidelines range of 262 to 327 months. All sentences were concurrent, and all defendants were also sentenced to lifetime supervised release. See 18 U.S.C. § 3583(j); U.S.S.G. § 5D1.2(b)(1).

"Exh G "(5-7)

"Exh. 6" (5 of 7)

**UNITED STATES OF AMERICA, Plaintiff, vs. CURTIS WAYNE ALLEN, et al., Defendants.**
**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS**
**364 F. Supp. 3d 1234; 2019 U.S. Dist. LEXIS 6974**
**Case No. 16-10141-EFM**
**January 15, 2019, Decided**
**January 15, 2019, Filed**

**Editorial Information: Subsequent History**

Affirmed by United States v. Stein, 985 F.3d 1254, 2021 U.S. App. LEXIS 1963, 2021 WL 233286 (10th Cir. Kan., Jan. 25, 2021)

**Editorial Information: Prior History**

United States v. Stein, 2017 U.S. Dist. LEXIS 34085, 2017 WL 930713 (D. Kan., Mar. 9, 2017)

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(5-7)

39482177



"Exh G" (6-7)

## II. Discussion

### A. Base Offense Level

Defendants dispute the PSR's conclusion that **U.S.S.G.** § **2K1.4** is the correct **guideline** in determining Defendants' base offense level. To determine which **guideline** to apply, the Court undergoes a three-step process: "(1) identify the charge from the indictment and jury instructions, (2) find the substantive offense in the guidelines' statutory index, and (3) find the applicable **guideline** range."2 Often times the statutory index references more than one **guideline** for a particular statute, and in those circumstances the Court must "'use the **guideline** most appropriate for the offense conduct charged in the count **of** which the defendant was convicted.'"3 To determine which **guideline** is the most appropriate, the Court considers "the language in the **guideline** itself, as well as the 'interpretative and explanatory commentary to the **guideline**' provided by the Sentencing Commission."4 The Guidelines' commentary "is authoritative unless it violates the Constitution **{2019 U.S. Dist. LEXIS 12}** or a federal statute, or is inconsistent with, or a plainly erroneous reading **of**, that **guideline**."5 Indeed, failing to follow the commentary "could constitute an incorrect application **of** the guidelines, subjecting the sentence to possible reversal on appeal."6 **{364 F. Supp. 3d 1242}** The guideline's commentary is inconsistent with its text when "'following one will result in violating the dictates **of** the other.'"7

Here, Defendants were convicted **of** conspiracy to use a **weapon of mass destruction** in violation **of** 18 U.S.C. § **2332a**. Section **2332a**(c)(2)(A)-(D) provides four definitions for the term "**weapon of mass destruction**."8 Subsection (A) defines **weapon of mass destruction** to include "**destructive** devices"-i.e., conventional weapons.9 Subsections (B)-(D) address chemical, biological, and **nuclear** weapons. Defendants were convicted **of** using a "**destructive device**" pursuant to subsection (A).

The statutory index provides three guidelines applicable to convictions under § **2332a**. Those guidelines are § 2A6.1 (Threatening or Harassing Communications; Hoaxes; False Liens), § **2K1.4** (Arson; Property Damage by Use **of** **Explosives**), and. § **2M6.1** (Unlawful Activity Involving **Nuclear** Material, Weapons, or Facilities, Biological Agents, Toxins, or Delivery Systems, Chemical Weapons, or Other Weapons **of Mass Destruction**; Attempt or Conspiracy).**{2019 U.S. Dist. LEXIS 13}** All parties agree that § 2A6.1 is inapplicable. The PSR determined that § **2M6.1** does not apply to Defendants because § **2M6.1**'s commentary specifically excludes **destructive** devices from its definition **of** "**Weapon of mass destruction**."10 Thus, by process **of** elimination, the PSR stated that § **2K1.4** applied.

Defendants argue that the commentary to § **2M6.1** should be disregarded because it conflicts with the text **of** the **guideline**. To support this contention, Defendants point to § **2M6.1**'s heading, which, after listing **nuclear**, biological, and chemical weapons, includes the phrase "or other weapons **of mass destruction**." Defendants argue that "other weapons **of mass destruction**" must include "**destructive** devices," and that limiting § **2M6.1** to crimes involving the unlawful use **of nuclear**, chemical, and biological substances is contrary to a plain reading **of** the **guideline**.

This is a novel issue in the Tenth Circuit, and there is little caselaw from other circuits addressing the matter. Defendants cite no cases where a court has held that § **2M6.1** applies to a crime involving a "**destructive device**" as defined by 18 U.S.C. § **2332a**(c)(2)(A). The Government relies primarily on an unpublished opinion from the United States District Court for the Northern District **of** New York, in which **{2019 U.S. Dist. LEXIS 14}** the court concluded that § **2M6.1** is inapplicable to crimes involving "**destructive** devices," but did not address the alleged conflict between the text and commentary that Defendants raise here.11

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



(6-7)

39482177

Based on a plain reading **of** the **guideline**, the Court concludes that § **2M6.1**'s {**364 F. Supp. 3d 1243**} text and commentary are not in conflict. Section **2M6.1**'s heading mirrors with specificity the **nuclear**, biological, and chemical materials covered in § **2332a**(c)(2)(B), (C), and (D). But the heading does not extend the same treatment to subsection (A). If the intent was for § **2M6.1** to apply to all convictions under § **2332a**, it would be unusual to explicitly include **nuclear**, biological, and chemical materials, but omit "**destructive** devices" from the heading. Indeed, the most obvious conclusion is that this omission was purposeful.

More importantly, absent an irreconcilable clash between the commentary and the text, the commentary is authoritative, and it would be error for the Court to set it aside. Section **2M6.1** does not define or explain the meaning **of** "other weapons **of mass destruction**." Certainly nothing in the text requires the **guideline** to apply to all "**destructive** devices." The heading's undefined phrase "other weapons **of mass destruction**" is simply insufficient to create an irreconcilable clash between{**2019 U.S. Dist. LEXIS 15**} the text and commentary. Accordingly, the Court will follow the commentary and hold that § **2M6.1** is inapplicable here. The correct **guideline** is therefore § **2K1.4**.

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

39482177