IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL NO. 3:09-CR-294-M |
| § | |
| HOSAM MAHER HUSEIN SMADI § | |

## ORDER

Before the court is the amended motion of Hosam Maher Husein Smadi ("Defendant") to reduce sentence under 18 U.S.C. § 3582(c)(1)(A). ECF No. 189. (The Court allowed Defendant to supplement his earlier motion, ECF No. 179, by filing an amended motion. ECF No. 184.) The government has filed a response. ECF No. 196. Defendant has filed a motion for leave to file an extensive reply, which the Court is **GRANTING**. ECF No. 200. For the following reasons the motion is **DENIED**.

Defendant was sentenced to serve a term of imprisonment of twenty-four years following his conviction for attempted use of a weapon of mass destruction. ECF No. 88.

A defendant seeking compassionate release must show that (1) "extraordinary and compelling reasons" justify reduction of his sentence, (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022). 18 U.S.C. § 3582(c)(1)(A). The burden is on the defendant to convince the court to exercise discretion to grant the motion. *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021).

On November 1, 2023, the U.S. Sentencing Commission issued an amended policy statement setting forth the circumstances that constitute "extraordinary and compelling reasons." U.S.S.G. § 1B1.13. They are: (1) medical circumstances, (2) age, (3) family circumstances, (4)

victim of abuse, (5) other reasons similar in gravity to the first four, and (6) unusually long sentence if the defendant has served at least ten years of the term of imprisonment. Even assuming that what Defendant says in his motion is true, the motion does not reflect that there are any extraordinary or compelling circumstances in his case. (The Court need not reach the issue of whether the Sentencing Commission overstepped its bounds in promulgating § 1B1.13(b)(6).)

Even if the court is mistaken and Defendant has demonstrated extraordinary and compelling circumstances, the court would not grant relief. Defendant is only 34 years old. He was convicted of attempting to detonate a weapon of mass destruction on behalf of Osama Bin Laden and al-Qaeda. His guideline range was life, but the Court accepted the plea agreement which limited his sentence to thirty years of imprisonment. The Court then granted him a departure. He received a reduction for acceptance of responsibility, yet he continues to assert that he was set up and convicted based on perjured testimony. Disturbingly, his motion states that a sentence reduction would allow him to "go back to my normal life after correcting some grievances and feelings from unjust case at a young age with a long sentence and unfair laws for the Middle Easterns [sic] and Muslims due to [] dirty politics." ECF No. 189 at 3. His description of one incident claims that a prison official threatened to move him to a violent yard so that he could be murdered by the "Israeli government Jewish community." ECF No. 200 at 18 of 39. And, despite his claim of rehabilitation, Defendant has committed 36 disciplinary infractions while incarcerated.

Having considered all of the factors set forth in 18 U.S.C. § 3553(a), the Court is not persuaded that relief should be granted. A reduction of Defendant's sentence would not reflect

the seriousness of his conduct, promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, or protect the public from further crimes of Defendant.

IT IS ORDERED that Defendant's motion to reduce sentence is DENIED.

**SO ORDERED** on this 2nd day of **April, 2025.**

_____
BARBARA M.G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE